421 P.2d 520

Truman G. DOBSON, Appellant,

v.

The GRAND INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS, George C. Boyer, J. P. Colyar, and Southern Pacific Company, Appellees.

No. 8107.

Supreme Court of Arizona.

In Banc.

Dec. 14, 1966.

Herbert B. Finn and Stephen T. Meadow, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, and Charles R. Esser, Phoenix, for appellees Grand International Brotherhood of Locomotive Engineers, George C. Boyer, and J. P. Colyar.

Evans, Kitchel & Jenckes, Phoenix, W. A. Gregory and Frederick L. Nelson, San Francisco, Cal., for appellee, Southern Pac. Co.

UDALL, Justice.

Truman G. Dobson, plaintiff below, brings this appeal from the trial court's granting of motions for summary judgment in favor of the defendants Grand International Brotherhood of Locomotive Engineers and the Southern Pacific Company.

On February 24, 1960 the Southern Pacific Company, acting through D. R. Kirk, Superintendent of the Tucson-Rio Grande Division, informed the plaintiff Dobson of his dismissal from his job as locomotive engineer. The dismissal came about as the final result of a formal hearing, held by the Company on February 23, 1960, at which time it was determined that the plaintiff had violated certain company rules by permitting his wife to ride in the locomotive from Tolleson to Phoenix, Arizona on February 13, 1960.

At the formal hearing the plaintiff, who had a record of prior violations and dismissals by the Company, did not deny the infraction, rather he tried to excuse it by showing that an emergency situation existed.

By letter dated March 24, 1960 plaintiff requested or authorized George Boyer, local chairman of the Brotherhood · of Locomotive Engineers, to represent the plaintiff in an attempt to obtain relief from the Company's dismissal order.

In presenting the plaintiff's case for reinstatement to the Company, Boyer might have proceeded by either one of two methods: (1) file an appeal with the Company under the provisions of Article 25 of the collective bargaining agreement then in effect between the Company and the Brotherhood, or (2) present the case on a "leniency basis," which simply amounted to an admission of the guilt of plaintiff and a request for leniency. For reasons which will be indicated Boyer decided to present plaintiff's case on a leniency basis, and after extensive correspondence and communication between Boyer and D. R. Kirk, the Company Superintendent, the Company finally decided, in November of 1960, not to reinstate the plaintiff. In the meantime plaintiff's right of appeal under Article 25 of the collective bargaining agreement had expired, since the right of appeal was lost if not exercised within 90 days from the original date of dismissal, which occurred on February 24, 1960.

During the correspondence and communication between Boyer and Kirk, the plaintiff was kept fully informed of the effort being made in his behalf, and after he learned of the final decision of the Company in November of 1960, plaintiff wrote to Boyer on January 10, 1961, requesting

that Boyer appeal the final denial of plaintiff's reinstatement request. A copy of the letter was mailed to the Company, purportedly to serve an appeal in the event that Boyer failed to act. Plaintiff received no action on his request from either the Company or Boyer and on September 25, 1962 commenced the present suit.

In his complaint plaintiff alleged that the defendant Brotherhood was liable to plaintiff for an indefinite amount of lost wages because the Brotherhood breached its duty to plaintiff by originally presenting his claim for reinstatement on a "leniency basis," rather than by appeal, with the result that the right of appeal was lost. Plaintiff further alleged, as to defendant Southern Pacific Company, that its failure to act upon plaintiff's appeal request of January 10, 1961 constituted a breach of contractual agreements between the Company and the Brotherhood.

After giving due consideration to the pleadings and affidavits the trial court granted summary judgment to both defendants.

On this appeal plaintiff claims that the trial court erred in granting summary judgment because there was a genuine issue of material fact raised by plaintiff's affidavit, submitted in opposition to the motions for summary judgment.

In the interests of clarity, we will deal with each defendant separately, and will first determine whether there was a genuine issue of material fact as to the Brotherhood.

In support of its motion for summary judgment the Union offered evidence to indicate that the Union acted vigorously and with the utmost good faith in handling plaintiff's reinstatement request, and that consequently, it did not breach any duty owed to plaintiff. In this respect, the affidavit of George Boyer is most important.

In his affidavit Mr. Boyer stated that in February of 1960 he asked plaintiff to write a letter, telling Boyer how to proceed in presenting plaintiff's reinstatement request. On March 24, 1960, plaintiff wrote the following to Boyer:

"Confirming our telephone conversation regarding my recent dismissal by the Southern Pacific Company, I will appreciate it very much if you will handle this grievance for me.

"If you feel I am entitled to compensation for lost time, naturally I will appreciate you endeavoring to get me reinstated with compensation. However I will leave it up to your good judgment as to how you handle it."

In his affidavit Boyer further stated that after receiving plaintiff's letter, he decided that " * * * this matter could not be successfully handled as a grievance for reinstatement with pay since this would require conclusive proof that plaintiff did not violate the company rules for which he was dismissed." It has been noted previously that at the formal hearing even plaintiff did not deny the violation, rather, he had tried to justify it by showing an emergency. After making the decision indicated above, Boyer wrote to D. R. Kirk, the Company superintendent, requesting that plaintiff be reinstated on a leniency basis, with seniority rights unimpaired. A copy of the letter was mailed to plaintiff on or about March 28, 1960.

According to Boyer's affidavit, between April and November of 1960 Boyer and Kirk exchanged six additional letters, and at Boyer's request, a conference was held between the two men in May of 1960. The topic of all these communications was, of course, plaintiff's reinstatement request. The copies of all letters referred to above are attached to Boyer's affidavit, and their contents indicate that the Union was making a strong and continuing effort to get plaintiff reinstated.

Although in the trial court there was a difference of opinion between the parties as to the extent of authority conferred upon Boyer by plaintiff's original letter, in which Boyer's assistance was requested, plaintiff is not claiming on this appeal that there was any triable issue of fact raised in

connection with his letter. The proper interpretation of the letter appears to be immaterial, because the record conclusively indicates that the Union's power to act for plaintiff was controlled not by the letter but by the following provisions of the by-laws of the Brotherhood:

"Each and every member of the Brotherhood of Locomotive Engineers grants to the duly authorized representative * * * of the Brotherhood full and complete authority to present and handle each and every member's claims, complaints, and grievances against the railroad on which he is employed. Said power and authority shall include the handling of such claims, complaints and grievances before any and all officials of the railroad, and shall include the right to collect, settle, compromise, amend, withdraw, dismiss, or in any manner dispose of, such claims, complaints and/or grievances, and shall also include the power to submit such claims, complaints and grievances, for determination to any person, court or board or other tribunal provided by law or otherwise as may be deemed necessary or advisable by such authorized representatives * * *."

On this appeal plaintiff does claim that in spite of the broad discretion which the Brotherhood possessed, its action in prosecuting plaintiff's case on a leniency basis was arbitrary, discriminatory and taken in bad faith, and that a genuine issue was raised in this respect by the following statements, made in the affidavit which plaintiff filed in opposition to the Brotherhood's motion for summary judgment:

"Truman G. Dobson, being first duly sworn, deposes and says:

"(1)   That he did not know that the Brotherhood would prosecute his claim on a leniency basis until after the fact;

"(2)   That he was not aware of the fact that prosecution on a leniency basis would foreclose him from an appeal;

"(3)   That when he learned that prosecution of his grievance on a leniency basis foreclosed him from an appeal, and constituted an admission of guilt of a violation of the company rules, he protested such prosecution, both orally and in writing, to defendant George C. Boyer;

"(4)   That defendant George C. Boyer was present at a hearing on February 23, 1960, in the offices of the Southern Pacific Company, concerning the alleged violation;

"(5)   That at said hearing affiant took the position that his conduct, which was then and there under investigation, did not constitute a violation of the rules because of the existence of an emergency situation:

"(6)   That affiant believes that George C. Boyer's actions in prosecution of affiant's claim on a leniency basis were motivated by personal prejudice against affiant, arising out of previous disagreements."

With reference to the above counsel for plaintiff concludes, in his brief:

"It is appellant's contention that the facts stated in the affidavit constitute an allegation of arbitrary and discriminatory conduct on the part of the Union so as to bring it clearly within the rule of law allowing an appeal to the courts where a Union has processed a grievance in such a fashion."

Assuming, *arguendo*, that plaintiff has his claimed right to "appeal to the courts" in order to obtain relief when a union acts arbitrarily and in bad faith in handling a grievance on plaintiff's behalf, such conclusion does not answer the question raised on this appeal, because the issue for our determination is whether plaintiff's affidavit presented, as a genuine issue of material fact, a question as to whether the Brotherhood's action was in fact arbitrary, discriminatory and taken in bad faith.

■   In view of the evidence submitted by the Union, in support of its motion for summary judgment, the trial court could

have found that Brotherhood made a prima facie showing that no genuine issue existed for trial. It is well settled in the Federal courts and in this jurisdiction that when the party moving for a summary judgment has made a prima facie showing that no genuine issues exist for trial, then the opponent of the motion has the burden to produce sufficient evidence to show that there is an issue, and the opposing party cannot defeat a motion for summary judgment and require a trial by a bare contention that an issue of fact exists. He must show that evidence is available which would justify a trial of the issue. Surkin v. Charteris, 197 F.2d 77 (5 Cir., 1952); Morgan v. Sylvester, 125 F.Supp. 380 (S.D. N.Y., 1954); United States v. Daubendiek, 25 F.R.D. 50 (N.D. Iowa E.D., 1959); 3 Barron & Holtzoff, Federal Practice & Procedure (Rules Ed.), § 1235.

■ We have studied the record in this case and find that it contains no evidence which lends support to plaintiff's affidavit statements, and, as against the evidence offered by the Brotherhood, plaintiff's affidavit statements are so obviously lacking in substance that they do not raise a genuine issue of material fact for trial.

When we consider the statements individually, in view of the entire record we find that the assertions made in the paragraphs numbered one through five do not raise an issue because plaintiff makes no indication of how, in fact or in law, the characterization of the Brotherhood's action is in any way dependent upon or affected by the circumstances alleged to exist in the first five paragraphs. For example, with regard to the claim in paragraph number one that plaintiff did not know of the prosecution on a "leniency basis", in the absence of evidence which shows that the nature of the Union's conduct is dependent upon the state of plaintiff's knowledge, the trial court could not and this Court will not assume that this alleged fact has any bearing upon the issue of whether the Brotherhood acted arbitrarily. The statements in paragraphs

two through five suffer from the same inadequacy; there is simply nothing in the record which shows that the claimed facts are relevant to the alleged issue.

In paragraph number six of the affidavit it is alleged that Boyer's actions were motivated by personal prejudice. There is not a scintilla of evidence in the record which lends substance to this contention. In fact, all the evidence is to the contrary.

In view of the foregoing, plaintiff's affidavit is no more effective in raising a triable issue than was the deficient affidavit of the plaintiff in the case of Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982. Consequently, the conclusion which we expressed in the Perez case, controls on this appeal, 86 Ariz. at 71, 340 P.2d at 985:

"It is fundamental that an affidavit, by its very nature, must be affirmative and present sufficient materials to show there is a triable issue of material fact. * * *.

"The trial court evidently concluded, and we think correctly so, that plaintiff's affidavit * * * failed to raise any genuine issue of fact. *In other words, the meager facts set forth therein were found to be most unsubstantial and not in good faith disputing the factual predicate made by defendants.* As we pointed out in Stevens v. Anderson, supra, *if a party against whom a motion for summary judgment is directed wants to stay in court he cannot withhold an appropriate showing until time of trial."* (Emphasis added).

■■ Before passing to a consideration of whether summary judgment was properly awarded to the Southern Pacific Company, we will note briefly that in spite of the marked similarity between this case and the case of Ostrofsky v. United Steelworkers of America, 171 F.Supp. 782 (D.C. Maryland, 1959), relied on by both parties to this appeal, the *Ostrofsky* decision is of little value to us in deciding the present case. In *Ostrofsky* the union was granted summary judgment against the claim of the employee/plaintiff that the union acted ar-

bitrarily and maliciously in refusing to prosecute a grievance for the employee, but it is clear that the court was greatly influenced by the employee's failure to co-operate with the union, and in the case presently before us it is clear that plaintiff did cooperate with the Brotherhood. However, the fact that Dobson cooperated does not mean he should have a trial, because, as indicated, he failed to offer any evidence which demonstrated that there was a genuine issue to be tried. Whether a party can withstand a motion for summary judgment depends upon the evidentiary showing which he makes in his own case, for the whole purpose of the motion is to determine whether, on the facts of the particular case, there is an issue to be tried. This question cannot be answered by showing what another court did or did not decide on a different set of facts and on a different evidentiary showing. Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., 137 F.2d 871 (6 Cir., 1943); Bowdle v. Automobile Ins. Co. of Hartford, 99 F. Supp. 161 (D.C.Delaware, 1951); 3 Barron & Holtzoff, Federal Practice and Procedure (Rules Ed.), § 1234.

■ Since plaintiff failed to show that a triable issue exists, the award of a summary judgment to the defendant Brotherhood is affirmed, and we now turn our consideration to the question of whether the same motion was properly granted in favor of the defendant Southern Pacific Company. In this respect it is sufficient for us to note briefly that summary judgment was properly awarded to the Company.

■ The basis of plaintiff's claim against the Company was that it breached its contractual obligations by not considering plaintiff's appeal. But the undisputed evidence in the record indicates that the right of appeal from the dismissal order expired ninety days after dismissal was ordered. As indicated previously in this opinion, during that ninety days the Union, acting through its chairman George Boyer, was negotiating with the Company for plaintiff's reinstatement on a leniency basis.

There is nothing in the record which even remotely suggests that the Company breached any contract by dealing in good faith with the Union when plaintiff's case was originally presented on a leniency basis rather than by the appeal procedure. The Union and not the Company chose the leniency basis remedy, and during the course of negotiations the right of appeal expired, under contractual provisions which bound the plaintiff as well as the Company. Since plaintiff made no showing, in fact or in law, that he had a *further* right to appeal after the original appeal right expired, and since the evidence conclusively indicates that the Company originally performed its contractual obligations in good faith, and was in no way at fault in causing the appeal right to expire, there was no issue to be tried in this respect. A party to a contract does not breach it by fully performing his obligations with the utmost good faith.

The judgment of the trial court, granting summary judgments to the Brotherhood and the Company, is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.