534 P.2d 428
**CITY OF PHOENIX, a Municipal Corpora-
tion, Appellant,**

v.

**SPACE DATA CORPORATION, an Arizona
Corporation, Appellee.**

No. 11725.

Supreme Court of Arizona,
In Division.

April 16, 1975.

Joe R. Purcell, Phoenix City Atty., by
Kent T. Reinhold, Asst. City Atty., Phoe-
nix, for appellant.

Daughton Feinstein & Wilson by Guy C.
Wilson, Phoenix, for appellee.

HAYS, Justice.

The City of Phoenix brought this action
to condemn property owned and occupied
by Space Data Corporation. The land is
located on South 26th Street near Sky
Harbor International Airport and is need-
ed, according to Ordinance S–6461 passed
by the Phoenix City Council, for "expand-
ing, improving and extending" the airport
facilities. Space Data contested the claim
of public necessity contending that the pro-
posed use did not justify an immediate tak-
ing. It subsequently moved for summary
judgment based on affidavits, memoranda
and deposition testimony. The motion was
granted and the City appealed. This court
has jurisdiction pursuant to Rule 47(e)(5),
Rules of the Supreme Court. We reverse
the judgment of the Superior Court.

The appellee urges that the City
bears the burden of producing evidence to
show that the ruling below was in error by
more than a bare contention that a genuine
issue of fact exists. Dobson v. Grand In-
ternational Brotherhood of Locomotive
Engineers, 101 Ariz. 501, 421 P.2d 520
(1966). However, the party moving for
summary judgment must first make a pri-
ma facie showing that no issue of material
fact exists for trial. Dobson v. Grand In-
ternational Brotherhood of Locomotive
Engineers, supra. This burden has not
been met.

Summary judgment will not be
granted when there is "the slightest doubt
as to the facts." Peterson v. Valley Na-
tional Bank of Phoenix, 90 Ariz. 361, 362,

368 P.2d 317, 318 (1962). All inferences from documents supporting the motion will be viewed in the light most favorable to the party opposing the motion. Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963).

Summary judgment is not to be made a substitute for trial even in the interests of the efficient administration of justice. It is not designed to resolve factual issues but to ascertain whether such issues exist. In re Estate of Accomazzo, 105 Ariz. 137, 460 P.2d 632 (1969). We cannot say that the issue of the necessity of the condemnation of the Space Data property can be determined on the basis of what is before the court at this point.

Judgment reversed and cause remanded.

LOCKWOOD and HOLOHAN, JJ., concur.