534 P.2d 735

**YAVAPAI COUNTY, Arizona, a body politic, and the Arizona Department of Property Valuation, Appellants,**

v.

**James S. WILKINSON and Ruby A. Wilkinson, his wife, Appellees.**

No. 11712.

Supreme Court of Arizona, En Banc.

May 1, 1975.

Rehearing Denied June 3, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellants.

Favour & Quail by Ronald L. Maksym, Keith F. Quail and John M. Favour, Prescott, for appellees.

HAYS, Justice.

This case is an appeal from the trial court's order granting summary judgment to the appellees Wilkinson in their consolidated tax appeals for the years 1969, 1970 and 1971. The case came to this court pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

The Wilkinsons own over 800 acres of real property near Prescott, Arizona. In addition to the acreage, they have a home and sporting goods shop in the same area. The dispute in this litigation centers around the classification of the acreage. The appellants contend that this acreage is not grazing land, but is being primarily used for commercial purposes and as prop-

erty held for development. The appellees urge that the land should have been classified as "grazing land" with a full cash value of seven dollars per acre. This is the classification of most of the surrounding property.

After the county assessor set a new non-ranch valuation on the subject acreage, appellees appealed to the County Board of Equalization for each year. Subsequently they filed actions in Superior Court for each year, after having paid the taxes under protest. The cases were consolidated for trial.

Because the appellees asserted the affirmative claim of collateral estoppel and res judicata, it is necessary to set out the facts concerning the classification of the subject land in 1968. In that year the full cash value of the land was substantially increased. The appellees appealed to the County Board of Equalization who reclassified the land as "grazing land." The Department of Property Valuation appealed to the State Board of Property Tax Appeals. That board decided the matter on the record without a hearing, sustaining the "grazing land" classification. Appellees contend that this determination acts to negate subsequent classifications in 1969, 1970 and 1971 because there was no subsequent change in the land or its use.

A review of the record in the trial court, including the minute entries, indicates that a minute entry order was entered July 7, 1972, granting the Wilkinsons' motion for summary judgment. On July 10, 1972, another minute entry order vacated the July 7 order for the purpose of allowing supplemental authority, giving plaintiffs ten days and the defendants an additional ten days thereafter to file memoranda. On August 3, after having filed an original supplemental memorandum on July 10, the appellants filed a reply memorandum to which was attached mimeographed sheets entitled "Policies and Procedures for Valuing Agricultural Land."

On August 7 the appellees moved to strike the reply memorandum and the attached exhibit on the grounds that they were not timely filed, and the exhibit was not authenticated or supported by affidavit. We find no ruling on the motion to strike in the record, but we do not consider the exhibit properly a part of the record in this case.

A motion to dismiss the appeal was filed early in the appellate stages of this case. The Court of Appeals deferred its ruling, pending the completion of the appeal. In view of our disposition, we see no need to meet this issue.

We now consider appellees' contentions regarding collateral estoppel and res judicata. It is quite apparent that we are dealing with collateral estoppel here which is defined as the principle that bars relitigation between the parties of issues necessary to a determination in a different proceeding. Bahler v. Fletcher, 257 Or. 1, 474 P.2d 329 (1970); *see* Restatement of Law, Judgments § 68. Res judicata is usually referred to as a rule preventing relitigation of the same cause of action. Bahler v. Fletcher, *supra*.

In the comments under section 68 of the Restatement of Law, Judgments, at 299, we find:

"*Taxes.* The rules stated in this section are applicable with reference to periodic taxes, such as successive income taxes or property taxes. If in an action between the taxing authority and the taxpayer an issue of fact is litigated and determined by judgment with reference to the tax of one year, the determination is conclusive if the same issue is raised between the taxing authority and the taxpayer with reference to the tax of a subsequent year."

Does the recent case of Transamerica Development Co. v. County of Maricopa, 107 Ariz. 396, 489 P.2d 33 (1971), hold contrary to the position taken by the Restatement, *supra*? We believe not. The opinion reads in pertinent part:

"Neither are we concerned with the fact that the property was valued differently the previous year. While there may be some evidentiary value in pre-

vious valuation for the purposes of arriving at full cash value, the assessment must be considered on a year-to-year basis, and the previous year's valuation is not controlling. (See Annotation, Taxes—Res Judicata—Different Periods, 150 ALR 5)." 107 Ariz. at 399, 489 P.2d at 36.

■ Reference in the above quotation is made to assessment and not to a judicial or quasi-judicial determination of an issue by a court or administrative hearing board. Full cash value cannot be established for tax purposes upon an assumption that a prior assessment, unappealed from, is correct. Appeal of Mutual Benefit Life Insurance Company, 35 N.J.Super. 113, 113 A.2d 185 (1955).

■ Our next concern is with the question of whether a determination of the State Board of Property Tax Appeals is an appropriate quasi-judicial determination from which to invoke the doctrine of collateral estoppel. When an administrative body acts in a judicial capacity, courts have not hesitated to apply res judicata. Campbell v. Superior Court, 18 Ariz.App. 287, 501 P.2d 463 (1972).

■ The State Board of Property Tax Appeals is established by A.R.S. § 42-141 et seq. It is apparent that the Board is set up for the purpose of administrative appeals in tax matters, and as such performs quasi-judicial functions. The doctrine of collateral estoppel can be appropriately applied to the determinations of this board. In light of the foregoing, we hold that once the State Board of Property Tax Appeals makes a final determination of real property classification for taxation purposes, the burden in succeeding years is on the taxing authority to show a change in circumstances to warrant a subsequent change in classification. To hold otherwise would mean that a taxpayer could be harassed for a number of years in succession by unsuccessful attempts each year to change the classification.

In addition to numerous answers to interrogatories filed in the three actions, the trial court considered affidavits and one deposition in arriving at the order granting motion for summary judgment. In the Judgment Order signed by the trial court on September 1, 1972, there is a finding that the use of the subject lands was the same in 1969, 1970 and 1971 as in 1968. This finding points to the crux of the entire case and indicates that the court in reaching the result applied the doctrine of collateral estoppel.

■ Our first concern is whether there is a valid factual issue here which would make the granting of a summary judgment improper. City of Phoenix v. Space Data Corp., 111 Ariz. 528, 534 P.2d 428 (filed April 16, 1975). Summary judgment is not designed to resolve factual issues, but to ascertain whether such issues exist. City of Phoenix v. Space Data Corp., *supra*. There is no doubt that in the affidavits of the taxing authorities there are allegations which deny appellees' statements as to use and the fact of whether such land is a proper economic unit for ranching or agricultural purposes. There are no facts given in these affidavits other than (in paraphrase):

"I made an examination of the property,"

"the subject property was not primarily used as ranch or agricultural land," and

"the subject property does not constitute an economic ranch unit."

Do the foregoing raise issues on these points or are they merely conclusory statements?

Rule 56(e) of the Rules of Civil Procedure, 16 A.R.S., provides in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial." [Emphasis supplied].

■ Appellants' statements are more in the nature of conclusions rather than specific facts. They therefore failed to meet

533

their burden under the rule and the summary judgment was appropriately granted.

The recent case of Burns v. Herberger, 17 Ariz.App. 462, 498 P.2d 536 (1972), discusses many of the related issues in this case. As is not uncommon in appellate matters, both parties find aid and comfort in the opinion. The case enunciates the statutory premise that current usage shall be included in the formula for reaching a determination of full cash value. It further indicates that a section of land standing alone and capable of supporting only four animal units would be uneconomical for operation as a ranching unit.

The section of land in Burns, *supra*, which was held to be not properly classified as "grazing land" has some rather important differences from the subject acreage here. The six hundred forty acres owned by Herberger had not for years been used for grazing livestock, nor had it historically produced any income whatsoever; it obviously was being held for speculative purposes. The Wilkinson (appellees) property, according to the record considered by the trial court, had been historically used for grazing purposes up to and including the years in question, and income had been earned therefrom; the land was a few hundred acres larger and had a carrying capacity of fifteen animal units. We do not venture even a guess as to how many animal units or how many acres make an economic unit. This issue has never been framed nor properly raised so as to require an answer by the trial court. The mere statement by the taxing official that this acreage is not an economic unit does not create an issue.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., HOLOHAN, J. and JACOBSON, Court of Appeals Judge, concur.

Note: Justice LOCKWOOD did not participate in the determination of this matter. Judge EINO M. JACOBSON, Judge of the Court of Appeals, Division One, sat in her stead.