553 P.2d 1198

Gregg L. GIBBONS, Jr., and Gregg L. Gibbons, Sr., Appellants,

v.

GLOBE DEVELOPMENT, NEVADA, INC., a corporation, Appellee.

No. 12478–PR.

Supreme Court of Arizona, In Banc.

Review Granted Feb. 10, 1976.

Decided Aug. 6, 1976.

George F. Senner, Jr., John W. Rood, Phoenix, for appellants.

Snell & Wilmer by Mark Wilmer, Phoenix, for appellee.

GORDON, Justice:

Appellee Globe Development, Nevada, Inc., a corporation, brought this declaratory judgment action seeking to obtain injunctive relief and to quiet title to water rights in Rain Tank Wash and its tributaries. From the order of the Superior Court of Coconino County granting appellee's motion for summary judgment and the judgment based thereon, appellants Gregg L. Gibbons, Jr. and Gregg L. Gibbons, Sr. appealed. The Court of Appeals, Division One, affirmed in a memorandum decision, 1 CA–CIV 2759, filed December 16, 1975. The memorandum decision of the Court of Appeals is vacated. The order of the trial court granting appellee's summary judgment is vacated and the judgment based thereon is reversed. The case is remanded for trial.

■ The rule of law that guides us in determining whether summary judgment is properly granted is to ascertain whether a valid factual issue exists from an examination of the record. Summary judgment must be denied if there is a factual dispute. *Yavapai County v. Wilkinson,* 111 Ariz. 530, 534 P.2d 735 (1975).

■ Appellants do not dispute and appellee apparently has established by proper documentation its chain of title to the water in Rain Tank Wash. Appellee's chain of title to the water rights dates back to the application of appropriation of William Babbitt recorded on January 23, 1914. Appellee has properly supported his motion for summary judgment. Once the movant has properly met its burden on summary judgment the party resisting the motion cannot stand upon unverified pleadings. *Union Bank v. Pfeffer,* 18 Ariz.App. 386, 502 P.2d 535 (1972); Rule 56(e), Arizona Rules of Civil Procedure.

Appellants alleged that they have an interest in and claim rights to the water in Rain Tank Wash on three grounds.

■ Appellants' first theory is that they are entitled to water by reason of a prior appropriation. The only supporting documentation appellants offer is a copy of a notice of appropriation filed by Louis D. Boucher dated August 23, 1895.

Appellants have failed to submit any showing of a privity of estate or privity of contract between Boucher and appellants. The allegations by appellants amount to no more than conclusory statements and do not satisfy the requirements of Rule 56(e), Arizona Rules of Civil Procedure. *Yavapai v. Wilkinson,* supra.

■ The second theory is that there is new water in the Wash available for appropriation as a result of runoff surface water from the newly constructed runway at the Grand Canyon National Park Airport. The factual determination of whether there is new water available for appropriation was not only on appeal in a separate lawsuit, it was part of the record in the present case. This record indicates that a factual issue is before the trial court, and the granting of a summary judgment is improper.

■ Appellants' third theory of water rights is based upon alleged adverse use that resulted in giving them a prescriptive right. A water right may be obtained by adverse possession. *Gross v. MacCornack,* 75 Ariz. 243, 255 P.2d 183 (1953). This issue is raised by the pleadings and appellant (Gibbons, Jr.) has interposed by deposition and affidavit such minimal evidence sufficient to establish that there is present a material factual issue. This is all that is necessary.

Appellee urges that appellant's affidavit falls short of proving that his cattle have used the water from Rain Tank Dam and Reservoir for sufficient time to establish an adverse use or to prove that appellants' use was open, notorious and hostile to appellee's rights. While it is true that appellants' factual inferences do not prove that appellants have established a water right by adverse possession they have presented to the court a triable fact. We have held that summary judgment is not proper when there is the "slightest doubt as to the facts." *City of Phoenix v. Space Data Corporation,* 111 Ariz. 528, 534 P.2d 428 (1975). Factual issues exist, and summary judgment should not be granted.

Memorandum decision of the Court of Appeals vacated; order granting appellee's motion for summary judgment vacated; judgment of the Superior Court reversed; remanded for trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.