580 P.2d 782

**Leonora M. OLSON, a single woman, Appellant,**

v.

**The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, d/b/a Mountain Bell, a Colorado Corporation, Appellee.**

**No. 1 CA–CIV 3771.**

Court of Appeals of Arizona, Division 1, Department A.

June 16, 1978.

OPINION

HAIRE, Presiding Judge.

This is an appeal from the granting of summary judgment in favor of appellant, plaintiff below, and against appellee, defendant below, in the amount of $4.87. Appellant's complaint on appeal is that the court erred in an earlier interlocutory ruling that Section 20(G), General Exchange Tariff, on file with the Arizona Corporation Commission, applied to the case.[1] The crux of the argument between the parties is whether the conduct of appellee in this case falls within the exception to the general limitation on liability of the tariff for "willful and deliberate" acts of the telephone company.

In reviewing on appeal the action of the trial court in granting summary judgment this Court will view the evidence most favorably to appellant. *Grimm v. Arizona Board of Pardons and Paroles,* 115 Ariz. 260, 564 P.2d 1227 (1977). It is also a well established principle that summary judgment must be denied if the record reveals a genuine issue of material fact. *Gibbons v. Globe Development, Nevada, Inc.,* 113 Ariz. 324, 553 P.2d 1198 (1976). When the record in this case is examined in light of these principles it is apparent that summary judgment was properly granted and we therefore affirm.

Meyer & Vucichevich, P. C. by Henry G. Hester, Phoenix, for appellant.

Fennemore, Craig, von Ammon & Udall by Michael Preston Green and George T. Cole, Phoenix, for appellee.

Neither party disputes what the facts are as revealed by the record. Appellant was engaged in the business of giving Yoga instruction and in June 1973 she moved her business to a new location. Because of the

1. Section 20(G)(2) of the tariff provides:

"The liability, if any, of the Telephone Company for mistakes, omissions, interruptions, delays, errors or defects in transmission, service or facilities shall in no event exceed the amount of the charge to the customer for the transmission, service or facilities for the period of the mistake, omission, interruption, delay, error or defect; provided, however, that this limitation of liability shall not apply in the event the mistake, omission, interruption, delay, error or defect in transmission, service or facilities is caused by the willful and deliberate act of the Telephone Company (unless the act is authorized or permitted by other tariffs or special contract) and, provided, further, that there shall be no abatement or reduction of charge in the event the mistake, omission, interruption, delay, error or defect in transmission, service or facilities is caused by an act or omission of the customer."

move appellee assigned appellant a new telephone number. Appellant claimed that she arranged with appellee to have any calls to her old telephone number intercepted and her new number given to any callers. Appellant deposed each of appellee's employees who had contact with her. None remembered the details of the conversations with appellant and none of their records indicated that a request for such an intercept was ever made. They testified, however, that the intercept service was extended to all customers at no extra charge and was supposed to be provided automatically whether or not there was a request.

It is conceded by appellee that after the move in June the intercept service was not working on appellant's old telephone number and no intercept was in fact placed on her former number until November of 1973 when appellant advised appellee's top management of her problem. In September 1973 appellant's previous telephone number was assigned to another telephone subscriber. Apparently, between June and September of 1973 many persons calling appellant at her old phone number were, with some difficulty, able to contact her at her new place of business. There were, however, other callers who were not able to reach her. Appellant sought monetary damages for loss of potential customers and revenues as a result of this situation.

■ The validity of General Exchange Tariff § 20(G) was upheld by Division 2 of this Court in *Sommer v. Mountain States Telephone and Telegraph Co.,* 21 Ariz.App. 385, 519 P.2d 874 (1974). The tariff generally limits appellee's liability for mistakes or errors in providing telephone service to the amount of the charge to the customer during the period of the mistake or error. The only exception to this limitation on liability is for willful and deliberate acts of the telephone company. In *Sommer v. Mountain States Telephone and Telegraph Co., supra,* the Court of Appeals held that the exception did not require proof of malice or of a primary intent to injure the customer. The Court interpreted the word

"willful" to mean " 'done deliberately or intentionally' ", and "deliberate" as " 'carefully thought out or formed; premeditated; done on purpose.' "

Appellant presented no evidence that appellee had failed to place the intercept on her old telephone number intentionally or that they had done it deliberately. Appellant herself in her deposition described the situation as a "mix-up". She also testified that she did not think that anybody at the telephone company had done this to her intentionally.

Appellant nonetheless argues that there is still a genuine dispute of the fact as to whether the acts of the telephone company were done intentionally and that summary judgment was therefore improper. She argues, relying on *Southern Pacific Transportation Co. v. Lueck,* 111 Ariz. 560, 535 P.2d 599 (1975), *cert. denied,* 425 U.S. 913, 96 S.Ct. 1510, 47 L.Ed.2d 763 (1976), that where it is shown that a defendant has committed several negligent acts an inference can be drawn therefrom that the defendant acted intentionally. However, the *Lueck* case is inapplicable here. The question in that case was whether the railroad company's negligence amounted to willful and wanton negligence so that even the contributory negligence of the plaintiff would not be a bar to recovery. Wanton negligence is established if:

"a defendant intentionally does or fails to do an act, knowing or having reason to know of facts which would lead a reasonable man to realize that his conduct not only created an unreasonable risk of harm to another but involved a high degree of probability that such harm would result." 111 Ariz. at 562, 535 P.2d at 601.

■ A plaintiff cannot establish intentional and deliberate conduct within the tariff's exception to the limitation on liability merely by showing a series of negligent acts. There is a distinction between intentionally performing an act that the actor

knows or should know creates an unreasonable risk of harm to another and performing an intentional and deliberate act which involves carefully thought-out, premeditated actions. Appellant has failed to provide any evidence to demonstrate that the appellee's actions fall within this category of intentional and deliberate acts. There was, therefore, no genuine issue of material fact and appellant as a matter of law was entitled under the tariff to collect only the amount of charge for the services which were unsatisfactory.

Affirmed.

DONOFRIO, J., and FROEB, C. J., concurring.