625 P.2d 974

Steven E. NASON, a single man; Sidney Y. Kohn, a married man; Michael N. Figueroa, a single man; and Jeffrey M. Neff, a single man; as General Partners of the Fort Lowell Venture, an Arizona Limited Partnership, Plaintiffs/Appellants,

v.

Caren Schiro VOIGHT, Defendant/Appellee.

No. 2 CA–CIV 3755.

Court of Appeals of Arizona, Division 2.

March 16, 1981.

Kohn & Neff by Jeffrey M. Neff, Ann Mavinee Leenhouts, Tucson, for plaintiffs/appellants.

Lieberthal & Kashman, P. C. by Howard A. Kashman, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

This is an appeal from a summary judgment in favor of Caren Schiro Voight (defendant). She and her former husband, William Craig Voight, were defendants, along with other parties, in this lawsuit alleging common law fraud, consumer fraud, and negligent misrepresentation in connection with a land sale. Plaintiffs prayed for rescission, damages, and for the imposition of a trust "... on the gains fraudulently derived from plaintiffs ..." Appellants (plaintiffs) contend on appeal that the trial court erred in granting summary judgment in view of the community nature of the alleged tort, and also because material fact issues exist regarding William Craig Voight's action as his former wife's agent.

The subject property was acquired by William Craig Voight, while single, in August of 1976. He and Caren were married on October 30, 1976. On November 4, 1976, William quit-claimed the property to a strawman, who then quit-claimed it to William and Caren as joint tenants with right of survivorship. These deeds were not recorded until August 14, 1979, subsequent to the petition for dissolution of marriage filed by William on August 7, 1979. On August 9, 1979, plaintiffs entered into an agreement with the Voights to purchase the property. The closing occurred on September 10, 1979. The decree dissolving the Voights' marriage was entered October 16, 1979, and the instant lawsuit was filed the following day. The action was based upon plaintiffs' alleged discovery that the property was subject to flooding and defendants' alleged knowledge thereof and failure to disclose this information.

Plaintiffs contend that their action based on two torts, common law fraud and negligent misrepresentation, should survive the motion for summary judgment if the tortious conduct "... is calculated to be, is done for, or results in a benefit to the community ..." *Howe v. Hought*, 11 Ariz. App. 98, 100, 462 P.2d 395, 397 (1969). They argue that a question of fact is raised whether the actions of a spouse in failing to mention that the property was subject to flooding were for the benefit of the community.

■ Plaintiffs are entitled to a trial on the merits if there is the slightest doubt as to the facts. *City of Phoenix v. Space Data Corp.*, 111 Ariz. 528, 534 P.2d 428 (1975); *Livingston v. Citizen's Utility, Inc.*, 107 Ariz. 62, 481 P.2d 855 (1971). Minimal evidence showing that there is a material factual issue is all that is required to entitle a party to a trial. *Gibbons v. Globe Development, Nevada, Inc.*, 113 Ariz. 324, 553 P.2d 1198 (1976). Although the parties emphasized the marital relationship and the community aspects bearing on the transactions involved, we would apply the general rule that where fraud is alleged as a basis for relief, proper parties defendant include all persons who participated in the fraud and those who benefited from it. 37 Am.Jur.2d, Fraud and Deceit, Sec. 421 (1968); *Hall's Administrator v. Hall*, 285 Ky. 730, 149 S.W.2d 24 (1941). The action seeks rescission of the purchase agreement. All parties affected by such rescission are necessary and proper parties. 13 Am.Jur.2d, Cancellation of Instruments, Sec. 56 (1964); *Roberts v. Cooter*, 184 Kan. 805, 339 P.2d 362 (1959). Defendant, having been a party to the agreement and having been a joint tenant in the subject property, remains a necessary and proper party to this action.

■ Plaintiffs also contend that there are ample facts to indicate that Caren used William as her agent in the course of the transaction. Defendant responds that the significant point is not that she knew the real estate transaction was going on, but whether she had sufficient knowledge to constitute some ratification of William's allegedly tortious conduct. We find guidance in *Light v. Chandler Improvement Co.*, 33 Ariz. 101, 261 P. 969 (1928), where the Arizona Supreme Court, in dealing with the question of a principal's ratification of the representations of his broker in a real estate transaction, stated:

"When he [the purchaser] discovers the fraud, he has two courses open to him. He may either ratify the transaction so far as the owner is concerned and make the payments, notwithstanding the false representations, reserving the right to sue the agent in damages for such fraud and deception, or he may go to the owner and, stating the fraud, offer to rescind. If the owner, after due notice of the fraud and offer of rescission, insists upon holding the purchaser to his bargain, he will then be deemed to have ratified the alleged representations of the agent and the purchaser may pursue as against such owner any remedy which he would have had, had the false representations been made by the owner in person. If, on the other hand, the owner accepts the rescission and returns the purchase price, the parties are in *status quo* and justice, as between them, is satisfied." 33 Ariz. at 108–109, 261 P. at 971 (Emphasis in original)

The rule stated in *Light* appears to be one of general acceptance, as stated in 37 Am. Jur.2d, Fraud and Deceit, Sec. 316 (1968):

"[W]here the agent's authority is limited or restricted, the prevailing view is that a seller or vendor is responsible for the fraudulent representations of his agent in making an authorized sale even though the seller . . . did not participate in, know of, or sanction, such representations."

We are of the opinion that Caren, not having disavowed the transaction in the face of the alleged misrepresentations by William, may be deemed to have ratified the transaction and any representations by William, preceding and leading to its culmination. Appellants are entitled to a trial on this issue and summary disposition was improper.

Reversed and remanded for further proceedings.

HOWARD and BIRDSALL, JJ., concur.