739 P.2d 800

**Andres CASILLAS, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency, Appellee.**

**No. 1 CA–UB 428.**

Court of Appeals of Arizona, Division 1, Department C.

April 1, 1986.

Reconsideration Denied May 19, 1987.

Community Legal Services by Anne Ronan, Mesa, for appellant.

Robert K. Corbin, Atty. Gen., by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

HAIRE, Judge.

Appellant was terminated from a job as a lettuce packer in April 1981. He applied to the Arizona Department of Economic Security (DES) for unemployment benefits and was found to be eligible. From April 26 to October 3, 1981, he received $95 per week in benefits. In October 1981 appellant told a DES deputy that he did not want to take a job picking lemons because it involved climbing ladders. The deputy gave him a Report of Illness or Physical Disability to be completed by a doctor. Appellant, who speaks only Spanish and reads neither English nor Spanish, took the form to a doctor in Mexico. The completed form indicated that appellant had been unable to work from April 15 through November 15, 1981, due to a heart condition.

Upon receiving the completed form the deputy determined that appellant had been unable to work and thus had been ineligible for benefits for an indefinite period beginning April 19, 1981. The determination also stated that appellant was indebted to DES for overpayments received by him during that period. Appellant appealed from the determination and had a hearing before an appeal tribunal. Appellant had the benefit of an interpreter, but was not represented by counsel. The determination was affirmed. The appeal tribunal found that appellant had not rebutted the presumption, raised by the doctor's statement, that he was unable to work from April 19 through October 31, 1981. See A.C.R.R. R6–3–52190.

Appellant requested review. The appeals board, in a decision dated January 22, 1982, affirmed the determination that appellant was unable to work from April 26 through October 31, but remanded for a re-determination concerning the week of April 19, during which time appellant had not yet applied for or received benefits. On remand it was determined that appellant had been able to work during that week.

Appellant applied for appeal to this court on that portion of the decision which had not been remanded. We denied the application. See A.R.S. § 41–1993(B).

Appellant then reapplied for benefits for a later period. An administrative penalty for fraudulent misrepresentation was imposed which disqualified him for future benefits from May 2 through July 10, 1982. At a hearing on appellant's appeal from the administrative penalty, appellant produced an affidavit from his doctor which indicated that the doctor had misunderstood the form he had filled out, that he had not examined appellant and that he had no medical opinion concerning appellant's ability to work during the time period for which DES claimed that appellant had been paid benefits to which he was not entitled, April 26 through October 31, 1981. Concerning this time period, the appeal tribunal found that appellant "was able to work during the entire period of his filing and did not make a false statement connected with the claims." Accordingly, the administrative penalty was removed on January 18, 1983.

One week later appellant's counsel sent a letter to DES to find out whether the previous overpayment determination was still effective, in light of DES's later decision on the administrative penalty, and if an overpayment did exist, how it was classified. On March 14, 1983, the deputy reclassified the overpayment as non-fraudulent, but found that it was not completely without fault on appellant's part. This meant that DES was still holding appellant liable for repayment of benefits received by him during the period from April 26 to October 3, 1981, even though it had subsequently been factually determined that he had been physically able to work and thus was entitled to benefits during that period. Appellant appealed the reclassification and was granted a hearing.

At the hearing appellant's counsel explained to the appeal tribunal that there

had been two previous determinations which were factually incompatible with the existence of an overpayment. She also asked the hearing officer to accept the previous determination that appellant was able to work during the entire claim period and that he did not make a false statement. Counsel asked that DES not relitigate these issues. The appeal tribunal affirmed the determination which required appellant to repay the benefits paid to him during the questioned period. That decision was affirmed on review by the appeals board.

This court granted appellant's application for appeal. The only issue on appeal is whether the determination at the administrative penalty hearing that appellant was able to work and had not made a false statement precluded relitigation of that issue at the reclassification hearing.

 Collateral estoppel can be applied to factual issues decided by an administrative agency acting in its judicial capacity. *Yavapai County v. Wilkinson*, 111 Ariz. 530, 534 P.2d 735 (1975); *Farmers Investment Co. v. Arizona State Land Department*, 136 Ariz. 369, 666 P.2d 469 (App. 1982). As an affirmative defense, collateral estoppel is waived if not properly asserted. *Pacific Coast Medical Enterprises v. Department of Benefit Payments*, 140 Cal.App.3d 197, 189 Cal.Rptr. 558 (1983). When in two actions inconsistent factual determinations are made, it is the later, not the earlier, determination that is accorded conclusive effect in a third action. Restatement (Second) of Judgments § 15 and comment c (1982).

DES argues that collateral estoppel should not be applied in this case because:

(1) Collateral estoppel does not apply to decisions "rendered by inferior tribunals";

(2) The issues in the two hearings were different, and

(3) The determination at the administrative penalty hearing that appellant was able to work was beyond the jurisdiction of the appeal tribunal.

 DES first asserts that a DES appeal tribunal is inferior to the DES appeals board and therefore its prior decisions which have become final cannot be given conclusive effect at a later proceeding before the board involving the same factual issues. We disagree. The decisions involved are both final decisions of the same agency. When an administrative tribunal has statutory authority to make a final determination, such determination will be conclusive in the absence of an appeal. *Campbell v. Superior Court*, 18 Ariz.App. 287, 501 P.2d 463 (1972). A DES appeal tribunal has statutory authority to make determinations on issues before it pursuant to A.R.S. § 23–671. Such determinations become final unless a party appeals, or the appeals board assumes jurisdiction, within 15 days. *Id.* In the absence of an appeal, the determination is final and conclusive. *See Campbell, supra.*

 Next, DES claims that the issues at the two hearings were different. We disagree. The underlying factual issue at both hearings was whether appellant was telling the truth when he claimed that he was able to work. The resolution of this disputed factual issue was essential to the determination at each hearing and thus was a proper issue for collateral estoppel. *See Farmers Ins. Co. v. Vagnozzi*, 138 Ariz. 443, 675 P.2d 703 (1983).

Finally, DES argues that the issue of whether appellant made a false statement was beyond the jurisdiction of the appeal tribunal at the administrative penalty hearing. The basis for this argument is that the issue had already been decided at a previous hearing. DES has waived its defense of collateral estoppel with respect to this issue by its failure to raise the issue at the prior administrative penalty hearing. Thus the appeal tribunal did have the right to relitigate this issue. DES argues that it could not have waived collateral estoppel since it was not a party to the administrative penalty hearing. We disagree. Under Arizona's statutory scheme for the administration of unemployment benefits, DES is always a party to administrative proceedings relating to benefit entitlements.

We hold that this was an appropriate case for collateral estoppel. The prior find-

ing that appellant was able to work and made no false statement was conclusive on that issue at the subsequent reclassification hearing. Since there could be no overpayment under these facts, we hold that there was no overpayment and thus do not reach the questions of classification or waiver of the overpayment.

Reversed and remanded for further proceedings consistent with this opinion.

EUBANK, P.J., and SHELLEY, J., concur.