NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, ex rel., ARIZONA DEPARTMENT OF REVENUE,
*Plaintiff/Appellee,*

*v.*

DAVID R. BOSCH, *Defendant/Appellant.*

No. 1 CA-TX 16-0015
FILED 6-13-2017

Appeal from the Arizona Tax Court
No.  TX2015-000848
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Shyla R. Freestone
*Counsel for Plaintiff/Appellee*

David R. Bosch, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1          David Bosch appeals from the tax court's grant of summary judgment in favor of the Arizona Department of Revenue (ADOR) holding Bosch responsible for unpaid income taxes, interest, and penalties.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          After ADOR determined Bosch failed to file state income tax returns for tax years 2000 and 2001, it issued notices of its proposed assessment for those years.  The assessments were based upon information ADOR received from the Internal Revenue Service (IRS).  *See* I.R.C. § 6103(d)(1)[1] (authorizing disclosure of federal income tax returns and return information to state agencies).  ADOR later issued modified proposed assessments.  Bosch disagreed with the assessments and requested an administrative hearing.  ADOR noticed the requested hearing but Bosch failed to appear.  The hearing proceeded in his absence, and, after reviewing the evidence, the hearing officer affirmed the assessments.

¶3          Thereafter, ADOR filed a complaint in tax court seeking judgment against Bosch for the unpaid tax, interest, and penalties.[2]  After Bosch answered the complaint, ADOR moved for summary judgment, attaching the affidavit of ADOR's custodian of records, Steve M. Wilkins, Sr.  Attached to Wilkins' affidavit were: (1) the proposed assessments, (2) Bosch's response to the assessments, (3) the modified proposed assessments, (4) Bosch's response to the modified assessments, (5) the notice of hearing, and (6) the decision of the hearing officer.  Although Bosch responded to ADOR's motion, he did not file a controverting statement of facts pursuant to Arizona Rule of Civil Procedure 56(c)(3) or submit an affidavit of his own pursuant to Rule 56(c)(5).

¶4          Following oral argument, the tax court granted ADOR's motion and entered judgment against Bosch in the amount of $4,012.52 in taxes, $6,954.56 in interest, and $3,977.29 in penalties.  Bosch timely

---

[1]     Absent material changes from the relevant date, we cite a statute's current version.

[2]     The complaint also named Bosch's wife as a defendant.  ADOR later obtained a default judgment against her, and she is not a party to this appeal.

appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -170(C).

## DISCUSSION

### I.    Evidentiary Objections

**¶5**          Bosch argues the tax court erred in considering the documents attached to Wilkins' affidavit because, he contends, they were not properly authenticated in accordance with Arizona Rules of Evidence 901, 902, and 1005.  Bosch did not, however, object to Wilkins' affidavit on these grounds within the tax court.  Had he done so, ADOR would have had an opportunity to cure any alleged defects relating to authentication. *See Ancell v. Union Station Assocs.*, 166 Ariz. 457, 460 (App. 1990) (holding that timely objections to supporting documentation are necessary to allow the offering party a chance to cure alleged defects) (citing *Johnson ex rel. Johnson v. Svidergol*, 157 Ariz. 333, 335 (App. 1988)).  Because he did not, his objection on this basis is waived. *See A. Uberti & C. v. Leonardo,* 181 Ariz. 565, 568 (1995) (deeming waived evidentiary objections not raised in summary judgment proceedings) (citing *Ancell*, 166 Ariz. at 460, and then *Barone v. Rich Bros. Interstate Display Fireworks*, 25 F.3d 610, 611 n.2 (8th Cir. 1994)); *Mohave Elec. Coop., Inc. v. Byers*, 189 Ariz. 292, 301 (App. 1997) (rejecting a challenge to the foundation of documents not raised below) (citations omitted).

**¶6**          Accordingly, Bosch presents no basis to exclude Wilkins' affidavit, and the tax court did not err in considering it.[3]

### II.    Summary Judgment

**¶7**          Bosch also argues, by implication, that the tax court erred in granting summary judgment in favor of ADOR.  We review the tax court's grant of summary judgment *de novo.  Sundevil Power Holdings, L.L.C. v. ADOR*, 240 Ariz. 339, 343, ¶ 12 (App. 2016) (citing *Scottsdale/101 Assocs., L.L.C. v. Maricopa Cty.*, 238 Ariz. 291, 292, ¶ 7 (App. 2015)).

**¶8**          Summary judgment should be granted when there is no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  Ariz. R. Civ. P. 56(a).  The party moving for summary judgment "must come forward with evidence it

---

[3]          Bosch also appears to argue that ADOR failed to produce certain documents he had requested from them.  This claim is not supported by the record, which contains neither discovery requests nor a motion to compel.

believes demonstrates the absence of a genuine issue of material fact" and "explain why summary judgment should be entered in its favor." *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 14 (citing *Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990), and *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195 (App. 1990)). If the moving party meets this initial burden of production, the burden shifts to the non-moving party to "call the court's attention to evidence overlooked or ignored by the moving party" or to "explain why the motion should otherwise be denied." *Id.* at 119, ¶ 26. In reviewing a motion for summary judgment, a court "must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor." *Id.* at 116, ¶ 17 (citing *Sanchez v. City of Tucson*, 191 Ariz. 128, 130, ¶ 7 (1998), and *Orme Sch.*, 166 Ariz. at 309-10).

**¶9** Here, ADOR met its initial burden of production. ADOR supported its motion for summary judgment with proposed assessments for tax years 2000 and 2001 that were based upon information ADOR received from the IRS. ADOR also attached the decision of the hearing officer, who concluded ADOR had searched its records and determined Bosch had failed to file state income tax returns for the relevant years. The hearing officer also concluded Bosch had "produced no evidence" to show ADOR's assessments were incorrect or that ADOR "improperly relied on information from the IRS." Thus, ADOR submitted evidence demonstrating the absence of a genuine issue of material fact and its motion explained why summary judgment should be entered in its favor.

**¶10** Bosch opposed ADOR's motion for summary judgment by arguing there was no evidence he "failed to file state income tax returns for tax years 2000 and 2001." But, "when the moving party presents sworn proof of specific facts negating the adverse party's pleadings, the adverse party must respond with proof of specific facts showing a genuine issue of fact for trial." *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981) (citing *Gibbons v. Globe Dev., Nev., Inc.*, 113 Ariz. 324, 325 (1976), and *Gomez v. Great Am. Ins.*, 26 Ariz. App. 394, 396 (1976)). Bosch did not attach a controverting affidavit avowing he *had* filed returns for 2000 and 2001; nor did he produce copies of the returns or any other evidence indicating returns had been filed. He did not identify any evidence that refuted ADOR's claims or otherwise explain why ADOR's motion should be denied. Therefore, summary judgment was properly granted in ADOR's favor.[4]

---

[4] To the extent Bosch introduces additional issues within his reply brief, those arguments have been waived and we do not address them. This

**CONCLUSION**

¶11     For the foregoing reasons, we affirm the tax court's entry of judgment in favor of ADOR.  We also award ADOR its costs incurred on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:  AA

Court will not consider issues raised for the first time in a reply.  *See Best v. Edwards*, 217 Ariz. 497, 504 n.7, ¶ 28 (App. 2008) (citing *Menendez v. Paddock Pool Constr. Co.*, 172 Ariz. 258, 263 n.5 (App. 1991)).