510 P.2d 766

**Willie L. WILLIAMS, Appellant,**

v.

**Harold CAMPBELL and Phyllis C. Campbell, his wife, dba H & P Color Lab, Appellees.**

**No. 1 CA–CIV 1947.**

Court of Appeals of Arizona, Division 1, Department B.

June 5, 1973.

Rehearing Denied July 2, 1973.

Review Denied July 17, 1973.

Machmer, Schlosser & Meitz, Ltd. by Robert H. Schlosser, Phoenix, for appellant.

Harold Riddel, Phoenix, for appellees.

EUBANK, Presiding Judge.

The plaintiff-appellant appeals from the trial court's summary judgment in favor of the defendants-appellees claiming that there are genuine issues of material facts remaining unresolved. We agree and reverse the summary judgment.

■ Plaintiff filed his verified complaint in replevin against the defendants in the Maricopa County Superior Court alleging that he was the owner of a specified camera and accessories wrongfully detained in the possession of the defendants. Defendants answered denying all material allegations of the complaint. The plaintiff then moved for a partial summary judgment, pursuant to Rule 56, Rules of Civil Procedure, 16 A.R.S., supported by two affidavits: That of the plaintiff and that of Lonnie Billops. The plaintiff's affidavit was not drafted in a form to disclose his "personal knowledge" of the factual circumstances involving the alleged conversion of his camera and accessories as required by Rule 56(e), but instead it consisted primarily of legal conclusions. The affidavit of Lonnie Billops is merely a Xerox copy of an original affidavit. We cannot locate the original in the file. In our opinion neither of these affidavits complies with the requirements of Rule 56(e).[1]

■ Defendants filed their response to plaintiff's motion for partial summary judgment and in addition filed their own motion for summary judgment. The latter was supported by counsel's affidavit which under ordinary circumstances might not comply with Rule 56(e) since personal knowledge of the facts is required. *See* Compton v. National Metals Co., 10 Ariz. App. 366, 459 P.2d 93 (1969). However, this affidavit satisfies the "personal knowledge" requirement of Rule 56(e) since it merely recites facts testified to by the plaintiff in counsel's presence in another lawsuit involving the same subject matter. These facts are that the plaintiff formerly lived with Mrs. Jerry Waier; that he placed his camera and accessories in her premises; that when he left the premises Mrs. Waier retained possession of his personal property "asserting a lien for back rent" on it; and that Mrs. Waier did not return his property but sold it. Plaintiff filed a response to "defendant's cross-motion for Summary Judgment" supported by his controverting affidavit, denying he was indebted to Mrs. Waier for rent or any in-

1. 56(e) Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Amended March 26, 1963. Effective June 1, 1963.

**138**

debtedness, and stating that Mrs. Waier did not have his permission to take his property or to convey it to third parties. The trial court granted defendant's motion for summary judgment and denied plaintiff's. This appeal was then filed.

█ Although we must rather summarily disregard plaintiff's affidavits attached to his motion for partial summary judgment, we cannot do so with regard to his controverting affidavit. It is clear from defendant's counsel's affidavits and plaintiff's affidavit that the material genuine issues of fact for trial are clearly drawn: who has title to the camera and accessories and who is entitled to possession of the property? Valley Chevrolet Co. v. O. S. Stapley Co., 50 Ariz. 417, 72 P.2d 945 (1937). The defendants obviously are claiming title and right of possession through the execution of Mrs. Waier's landlord's lien and the subsequent sale of the personal property to them while the plaintiff is claiming the camera and accessories based on his original title to the property.

The summary judgment is reversed and this matter is remanded for trial.

HAIRE and OGG, JJ., concur.