548 P.2d 1206

Rodriguez M. GOMEZ, a minor, by his mother and next best friend, Josephine Rios, Lorenzo Flores, Edward Salvicio, Individually, and as the surviving father of Marilyn Salvicio, Deceased, and Josephine Rios, as surviving daughter of Maria Juana Jose, Deceased, Appellants,

v.

GREAT AMERICAN INSURANCE COMPANY, a New York Corporation, Appellee.

No. 2 CA–CIV 2044.

Court of Appeals of Arizona, Division 2.

April 28, 1976.

Rehearing Denied June 2, 1976.
Review Denied July 13, 1976.

Emojean K. Girard, Leslie J. Gilbertson, W. Edward Morgan, Tucson, for appellants.

Anderson & Anderson, John S. Schaper, Phoenix, for appellee.

## OPINION

KRUCKER, Judge.

This was a declaratory judgment action brought by appellee, Great American Insurance Company, for a determination of whether it had a duty to defend or pay any judgment against an employee of its insured, Capin's Automatic Car Wash, Inc. Defendants-appellants, who were the plaintiffs in a personal injury action against Capin's employee, John Flores, counterclaimed for a judgment declaring that Flores was covered. On cross motions for summary judgment, the trial court ruled in favor of appellee. This appeal followed.

Viewed in the light most favorable to the parties opposing the motion for summary judgment, the record reveals the following facts. In 1970, John Flores became the manager of a car wash owned by Capin's Automatic Car Wash, Inc. Flores' automobile broke down periodically and often made him late for work. Accordingly, to insure that there would be someone at the car wash to open it up on time every morning, Capin's permitted Flores to drive an old El Camino leased by the company. Flores and Irwin Sattinger, president of Capin's, both testified on deposition that Flores was only allowed to drive it to and from work and was not to use it for any other purpose. In 1972, the El Camino was stolen and Capin's allowed Flores to use a new 1973 Ford pick-up as a substitute. Flores was given no new instructions concerning the purposes for which he was to use the pick-up.

In the afternoon of December 10, 1972, Flores, his brother, and several car wash employees drank two six-packs of beer in the business office of the car wash. At 6:00 p. m. Flores closed up the car wash and drove the pick-up home. His brother came along as a passenger. After spending some time in Flores' house, they got back into the pick-up, drove it to a grocery store and bought another six-pack of beer.

On the return trip, the pick-up collided with another vehicle, killing two of its occupants and injuring three.

At the time of the accident, Capin's was insured under an automobile liability policy written by appellee. The policy contained a clause that was intended to comply with A.R.S. § 28–1170(B)(2) (Supp.1973), which provides:

"The owner's policy of liability insurance must comply with the following requirements:

\*   \*   \*   \*   \*   \*

2. It shall insure the person named therein and any other person, as insured, *using the motor vehicle or motor vehicles with the express or implied permission of the named insured,* against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles . . . ."

*See Jenkins v. Mayflower Ins. Exchange,* 93 Ariz. 287, 380 P.2d 145 (1963).

As a result of the accident appellants commenced an action against Flores (Pima County Superior Court Cause No. 144472) in August of 1973. On October 30, 1974, appellee filed the instant action (Cause No. 151411) alleging that at the time of the accident Flores had neither express nor implied permission to operate Capin's pick-up when the accident occurred. The trial court granted summary judgment for appellee.

Appellants contend as follows on appeal: (1) it was error to dispose of the case by summary judgment because genuine issues of material fact remain to be decided; and (2) the trial court erred in holding that Flores was driving the pick-up without express or implied permission. We will discuss both contentions together.

██ The depositions filed in this action, particularly those of Irwin Sattinger · and John Flores, affirmatively show that no one gave Flores express permission to use the pick-up as a personal vehicle on the night of the accident. Appellants nonethe-

less contend that there is a genuine issue concerning express permission. They note that Flores testified on deposition that Glenn Fisher, Capin's office manager, had given him express permission on five occasions in the past to use the pick-up to haul garbage from his home to the dump. They appear to conclude that Fisher, who had not been deposed at the time of the motion for summary judgment, might testify that he had given Flores similar or even broader express permission on the night of the accident. We think this is insufficient to raise a triable issue concerning express permission. When the moving party presents sworn proof of specific facts that negate the allegations in the adverse party's pleading, the adverse party is obliged to respond as provided in Rule 56 with proof of specific facts showing that there is a genuine issue for trial. Rule 56(e), Rules of Civil Procedure, 16 A.R.S.; *Colby v. Bank of Douglas,* 91 Ariz. 85, 370 P.2d 56 (1962). If he fails to do so, summary judgment must be entered against him if appropriate under the applicable substantive law. Rule 56(e). Here appellee presented sworn testimony that Flores did not have express permission to drive to a store for beer in the pick-up after he had arrived home. Instead of responding with controverting affidavits, depositions or other proof, however, appellants elected to speculate about what Glenn Fisher would say if he were to testify. Under Rule 56(e) and *Colby,* this was insufficient to raise a fact issue concerning express permission.

Appellants nonetheless contend the depositions show there are factual issues from which it can be inferred that Flores had implied permission to use the pick-up for his own purposes on the night of the accident. In *Universal Underwriters Ins. Co. v. State Automobile and Casualty Underwriters,* 108 Ariz. 113, 493 P.2d 495 (1972), our Supreme Court stated:

"... 'an implied permission generally arises from a course of conduct involving a mutual acquiescence in, or a

lack of objection to, a continued use of the car, signifying assent.' . . . It is usually shown by the practice of the parties over a period of time preceding the day upon which the insured vehicle was being used." 108 Ariz. at 115, 493 P.2d at 497.

The court's opinion also indicated that implied permission could be inferred from custom and usage.

■ Appellants argue that Flores had implied permission to make unrestricted personal use of the pick-up. They base this argument on the following facts: (1) Irwin Sattinger, Capin's president, Jim Crawford, the general manager, and Glenn Fisher, the office manager, all had unrestricted personal use of a company car; (2) Capin's did not check the mileage or gas and oil consumption of company cars to determine whether the employees to whom they were assigned were using them more extensively than they were supposed to; (3) there was hearsay evidence that Flores had used the pick-up before for his own purposes without telling anyone; (4) Flores used the pick-up on five occasions to haul garbage from his house with Glenn Fisher's express permission; (5) Alan Cohen, who wrote the Great American policy for Capin's, intended for it to cover all employees who drove company vehicles for any purpose.

None of these facts, together or separately, show or raise an inference of implied permission. The fact that Sattinger, Crawford and Fisher had unrestricted use of company cars does not mean Flores did also, particularly when other Capin's managers had only restricted use of such cars. Capin's failure to check the mileage or gas and oil consumption of company cars cannot be said to establish that it knew of a continuous, unrestricted use by Flores over a period of time and acquiesced in it.

Moreover, the evidence that Flores used the company car for his own purposes without telling anyone affirmatively shows Capin's could not have known or of acquiesced in such use.

■ Flores' use of the car to haul garbage with Fisher's express permission did not involve acquiescence by Capin's in an unauthorized use, and hence cannot establish implied permission. Further, what Great American's agent intended for the policy to cover is wholly immaterial to the question of implied permission.

■ Appellants argue that other Capin's employees whose depositions were not taken may have known of instances where Flores used the truck beyond the scope of his express permission. If this were true, however, appellants had a duty to make their existence known to the trial court through affidavits, depositions or other proof. Since they failed to do so, they cannot now contend that the knowledge and acquiescence of such persons should be imputed to Capin's.

The depositions actually filed in the case do not reveal a single instance in which Capin's acquiesced in Flores' using the pick-up for unrestricted personal purposes or to get beer. *Nicholass v. Carolina Cas. Co.*, 17 Ariz.App. 252, 497 P.2d 72 (1972), cited by appellants, is not in point.

We are of the opinion that there was no genuine issue of material fact, and that as a matter of law the depositions showed Flores had neither express nor implied permission to use the pick-up at the time of the accident. The trial court did not err in granting appellee's motion for summary judgment.

Affirmed. ·

HOWARD, C. J., and HATHAWAY, J., concur.