627 P.2d 232

**Carol PORTONOVA, Appellant,**

v.

**Dan WILKINSON and Lynn Julie Wilkinson, his wife, Appellees.**

No. 15070.

Supreme Court of Arizona, En Banc.

April 8, 1981.

Marvin W. Manross, Phoenix, for appellant.

Jones, Teilborg, Sanders, Haga & Parks by Edward G. Hochuli, Phoenix, for appellees.

HAYS, Justice.

This appeal stems from an order of the Maricopa County Superior Court granting defendant-appellees' (hereinafter called defendant) motion for summary judgment. Plaintiff-appellant (hereinafter called plaintiff) sought to recover damages for defamation and for violation of her right of privacy. Taking jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 19(e), we vacate the order of the trial court and remand.

Before we set out the facts giving rise to this appeal, we note that review of a decision to grant summary judgment requires us to view evidence in the light most favorable to the nonmoving party. *Hegel v. O'Malley Insurance Co.*, 122 Ariz. 52, 593 P.2d 275 (1979). We also note that when the moving party presents sworn proof of specific facts negating the adverse party's pleadings, the adverse party must respond with proof of specific facts showing a genuine issue of fact for trial. *Gibbons v. Globe Development, Nevada, Inc.*, 113 Ariz. 324, 553 P.2d 1198 (1976); *Gomez v. Great American Insurance Co.*, 26 Ariz.App. 394, 548 P.2d 1206 (1976). The opposing party must show that evidence is available which justifies going to trial, *Dobson v. Grand International Brotherhood of Locomotive Engineers*, 101 Ariz. 501, 421 P.2d 520 (1966), and that evidence must be based on personal knowledge and must be admissible at trial. *Williams v. Campbell*, 20 Ariz.App. 136, 510 P.2d 766 (1973). Affidavits based on otherwise inadmissible hearsay are insufficient to counter sworn statements based on personal knowledge. *Jabczenski v. Southern Pacific Memorial Hospitals*, 119 Ariz. 15, 579 P.2d 53 (App.1978). In the absence of controverting affidavits, facts alleged by affidavits attached to a motion for summary judgment may be considered true, and if appropriate, summary judgment may be granted. *Sato v. VanDenburgh*, 123 Ariz. 225, 599 P.2d 181 (1979).

For the purposes of the motion below and for this review on appeal, the facts are found in defendant's deposition and the two affidavits filed with his motion for summary judgment. The countering affidavit, signed by plaintiff's attorney and filed with the response to the motion for summary judgment, contains inadmissible hearsay and is insufficient to negate facts stated by defendant in his affidavit and deposition. *Jabczenski v. Southern Pacific Memorial Hospitals, supra.*

The resolution of this appeal is based on the following facts. Plaintiff served as a juvenile probation officer and one of her wards was a juvenile we shall call M.M. Defendant was a Phoenix police officer whose duties required that he investigate a number of break-ins and vandalism at an elementary school. During the course of that investigation, defendant and another police officer took M.M. into custody. M.M. informed these two officers that he had previously told his probation officer about his involvement in the burglaries and that she had told him to keep quiet, not to report it to the police, and not to get involved.

Defendant thereafter prepared a departmental report relating M.M's statement and he discussed with his supervisor the possibility of filing obstruction of justice charges

against plaintiff. Defendant then talked with the police department's legal advisor who thought the more appropriate charge would be accessory to burglary.

Sometime later a reporter for the Phoenix Gazette talked with defendant over the telephone about the investigation of the burglaries. Without giving plaintiff's name, defendant revealed the statement made by M.M. and that the police were contemplating filing charges against the probation officer.

Thereafter the reporter called defendant again and asked for the probation officer's name. Defendant put the reporter on hold and asked his supervisor whether he could give plaintiff's name to the reporter. The supervisor authorized release of plaintiff's name and defendant then told the reporter that M.M. had said plaintiff had knowledge of the burglaries and had said to keep quiet about it. At the time this information was given there had been no investigation as to the truth of M.M.'s statement, and M.M. was known to be an accomplished liar.

In an article principally relating the arrest of a number of juveniles in connection with the break-ins, the Phoenix Gazette reported that the police were going to file accessory to burglary charges against plaintiff and cited defendant as the source of the information. The article also quoted defendant as attributing to plaintiff knowledge of the burglaries and the fact plaintiff told M.M. to keep quiet about it.*

█ It has been recognized that in Arizona a police officer acting within the scope of his authority has at least a conditional immunity from civil liability. *Patterson v. City of Phoenix*, 103 Ariz. 64, 436 P.2d 613 (1968). In *Roscoe v. Schoolitz*, 105 Ariz. 310, 313, 464 P.2d 333, 336 (1970), we said:

"In Arizona an occasion for a publication is conditionally or qualifiedly privileged where circumstances exist which cast upon a defendant the duty of making a communication to a certain other person to whom he makes such communica-

tion in the performance of such duty. *Ross v. State of Arizona*, 54 Ariz. 396, 96 P.2d 285 (1939). See also *H. E. Crawford Co. v. Dun & Bradstreet, Inc.*, 241 F.2d 387 and *Pavlovsky v. Board of Trade of San Francisco*, 171 Cal.App.2d 110, 340 P.2d 63 (1959).

"It is the burden of the defendant to establish the existence of the occasion by a preponderance of the evidence; and as stated above, whether the occasion is privileged or not is to be ruled on by the court as a matter of law, except in those cases where the facts of the occasion are in dispute. *Phoenix Newspapers v. Choisser, supra*, [82 Ariz. 271, 312 P.2d 150]; *Nuyen v. Slater*, 372 Mich. 654, 127 N.W.2d 369 (1964); *Sheehan v. Tobin*, 326 Mass. 185, 93 N.E.2d 524 (1950)."

█ It is obvious from the foregoing that prior to this time our court has declined to accord the absolute privilege to all public officers and employees of the state of Arizona and its political subdivisions. The appellee has urged us to adopt *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), but we are not inclined to do so. The police officers in our state, as we have indicated, are protected by a qualified privilege. The defendant has not satisfactorily established the existence of the occasion, *Roscoe v. Schoolitz, supra*, as is his burden. Conversation by a police officer with a news reporter can under appropriate circumstances be shown to rise to the level of an occasion which evokes a qualified privilege. Repetition by a police officer of an unverified statement made by a juvenile known to be an adept fabricator, and nothing more, does not rise to that level. The granting of a summary judgment was in error.

Reversed and remanded for proceedings consistent herewith.

CONCURRING:

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.

---

* In defendant's deposition and affidavit he insists that he merely repeated M.M.'s statement to the reporter and that he did not adopt the statement as his own.