NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SILVESTRE CASTRO GONZALEZ and MARIA TERESA GONZALEZ,
husband and wife, and the surviving children, *Plaintiffs/Appellants*,

*v.*

MAT CONSTRUCTION, INC., YUMA dba MAT CONSTRUCTION, INC.,
a corporation; MICHAEL and JANET TUCKER, a married couple,
*Defendants/Appellees*.

No. 1 CA-CV 16-0064
FILED 10-12-2017

Appeal from the Superior Court in Yuma County
No. S1400CV201400269
The Honorable John Neff Nelson, Judge, Retired

**VACATED AND REMANDED**

COUNSEL

Law Offices of Luis P. Guerra, LLC, Phoenix
By Luis P. Guerra, David C. Shapiro
*Co-Counsel for Plaintiffs/Appellants*

Grant & Vaughn, PC, Phoenix
By Kenneth B. Vaughn, Sharon R. Sprague
*Co-Counsel for Plaintiffs/Appellants*

Ahwatukee Legal Office, PC, Phoenix
By David Abney
*Co-Counsel for Plaintiffs/Appellants*

Lewis Brisbois Bisgaard & Smith, LLP, Phoenix
By Matthew D. Kleifield, Venus G. Booth
*Counsel for Defendant/Appellee MAT*

Curl & Glasson, PLC, Tucson
By David L. Curl, J.C. Patrascioiu
*Counsel for Defendants/Appellees Tuckers*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

**¶1**　　　Silvestre Castro Gonzalez ("Gonzalez"), joined by members of his family, appeal the superior court's entry of summary judgment dismissing their negligence claims against MAT Construction, Inc., Yuma, dba MAT Construction, Inc. ("MAT"), and Michael and Janet Tucker (together, "Tucker"). Gonzalez argues MAT and Tucker owed him a duty of care—contrary to the superior court's ruling—and that genuine issues of material fact precluded entry of summary judgment in defendants' favor. We agree with Gonzalez. Accordingly, we vacate the judgment in favor of MAT and Tucker and remand for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　Tucker owned MAT and served as the qualifying party on MAT's construction license.[1] Tucker owned a parcel of real property in Yuma. Tucker, as a landowner, hired MAT as the general contractor to build a house on the property ("the Project"). In turn, MAT hired Lone Wolfe Construction ("Lone Wolfe") to lath and stucco the house. Gonzalez was an employee of Lone Wolfe.

---

[1]　　In deciding the motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Sanchez v. City of Tucson,* 191 Ariz. 128, 130 (1998) (citations omitted); *see also Orme School v. Reeves,* 166 Ariz. 301, 309-10 (1990).

¶3            Mr. Tucker supervised the project, "generally visit[ing] the [p]remises on a daily basis." After compacting the soil, MAT dug trenches and set the forms in preparation for pouring concrete footings for an exterior patio. To set the forms, MAT dug a trench, approximately one foot deep, and installed form boards, ranging from six to twelve inches deep in the ground. After the concrete dried, MAT employees removed the form boards, leaving the concrete footings and a cavity in the soil formerly occupied by the form boards. The employees then shoveled dirt into the cavity. According to the record, Mr. Tucker normally would supervise MAT's digging and trenching.

¶4            Later, Gonzalez and his coworker Delfino Garibay—also employed by Lone Wolfe—set up scaffolding on the back-patio area to lath the house in preparation for stucco. While working on the scaffold, Gonzalez suddenly felt a scaffold leg sink into the ground. The scaffold shifted and he fell onto the cement below, suffering permanent injury. Gonzalez sued Tucker, as landowner, and MAT, as the general contractor, alleging their negligence caused his injury.

¶5            In his deposition, Gonzalez explained that the soil under the scaffold was loose, not packed, and uneven. He also contended that the problem was the soil under the scaffolding. Garibay testified that the soil under the scaffold looked fine, but he did not know about the condition of the soil "down below." After MAT employees were deposed about the soil preparation, Gonzalez signed a declaration stating he was unaware that Mr. Tucker "and his employees had dug, shoveled, scraped, trenched, sloped and removed wheel barrows full of dirt all around where [Gonzalez] had to set the scaffolding." Gonzalez asserted that Tucker and MAT caused the ground to become unstable and failed to warn him of the dangerous condition before he placed the scaffolding.

¶6            Gonzalez's expert witness testified that the digging, trenching, and excavating performed by MAT and Tucker "altered, disturbed and affected the condition of the ground, dirt and soil in the area exactly where the scaffold was placed." The expert opined that after MAT and Tucker removed the form boards, they "merely shoveled some dirt and soil," but did not "safely fill[] and compact[] the slope, trench and cavity [they] created."

¶7            Tucker and MAT moved for summary judgment, which the superior court granted. The court held that even if the ground was unstable, neither Tucker nor MAT breached any duty to exercise reasonable care because there was no evidence Tucker or MAT retained

control over Gonzalez's work. Additionally, the court ruled neither defendant had a duty to warn Gonzalez about the condition of the soil in the area that had been trenched because they had not created a dangerous condition.

¶8            We have jurisdiction over this timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[2]

## DISCUSSION

¶9            We review the entry of summary judgment de novo, "viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). In doing so, we determine "whether any genuine issues of material fact exist." *Brookover v. Roberts Enter., Inc.*, 215 Ariz. 52, 55, ¶ 8 (App. 2007); *see also Valder Law Offices v. Keenan Law Firm*, 212 Ariz. 244, 249, ¶ 14 (App. 2006). When uncontroverted, "facts alleged by affidavits attached to a motion for summary judgment may be considered true." *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981).

¶10           A plaintiff alleging negligence must show: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) the defendant's breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *McMurty v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 252, ¶ 22 (App. 2013) (citation omitted). "Duty is defined as an obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 10 (2007) (citations omitted). Whether a duty exists is a question of law to be decided by the court. *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 543 (1990). "Duty arises from the recognition that certain relations between individuals impose on one a legal obligation for the benefit of another." *Id.* (citations omitted).

¶11           Here, we have two separate defendants: MAT as general contractor and Tucker as landowner. We therefore address separately whether a general contractor and a landowner owe a duty to the employee of a subcontractor.

---

[2]      We grant MAT's motion to strike references to certain handbooks cited in Gonzalez's reply brief and have not considered them.

## I. MAT's Duty as General Contractor

**¶12**      "The general rule which defines the common-law obligation of the general contractor to the employee of the subcontractor imposes upon the former the obligation to exercise ordinary care to furnish the latter with a reasonably safe place in which to work or, if there is danger attendant upon his work which arises from conditions that are not obvious, to give the employee reasonable warning of such danger." *Lewis N.J. v. Riebe Enters., Inc.*, 170 Ariz. 384, 388 (1992) (emphasis omitted).

**¶13**      MAT was both the general contractor and the concrete contractor on the Project. Gonzalez offered evidence that MAT created a cavity in the soil when it removed the concrete forms and negligently caused the ground to be unstable by failing to properly fill in the cavity, thereby breaching its duty.

**¶14**      MAT argues, however, that before *any* duty can attach, Gonzalez must show that MAT retained control over Lone Wolfe's work, citing Restatement (Second) of Torts § 414 (1965). We reject this argument. Section 414 concerns the liability of an employer for negligence by an independent contractor when the employer retains some control over the independent contractor's work. But the claim here is not that MAT is liable for the negligence of Lone Wolfe or its employees. Instead, based on the facts in the summary judgment briefing, Gonzalez's claim is that MAT itself negligently created an unsafe situation and did not warn Lone Wolfe or its employees of that situation. As a matter of law, MAT had a duty to exercise ordinary care in maintaining a reasonably safe work site and to warn of any danger on the premises, and Gonzalez offered sufficient facts to create a genuine issue of fact as to whether MAT breached that duty.

## II. Tucker's Duty as Landowner

**¶15**      Generally, a landowner owes no duty to the employee of an independent contractor when the landowner "has turned over safe premises to the independent contractor without hidden and/or concealed defects and has not retained control of the premises where the work is being performed, either directly or through other independent contractors." *Welker v. Kennecott*, 1 Ariz. App. 395, 404-05 (App. 1965); *see also E.L. Jones Constr. Co. v Noland*, 105 Ariz. 446, 455 (1970) ("The general rule is that the owner of premises owes to the servant of the independent contractor employed to perform work on his premises the duty to avoid endangering him by his own negligence or affirmative act, but owes no duty to protect him from the negligence of his own master.") (citations

omitted). This is the general rule because typically, the landowner delivers the premises to the general contractor and relinquishes control of the premises. The landowner thereby delegates his duty of care to the general contractor, which steps into the landowner's shoes regarding possession and control over the premises. The contractor then directs its employees and subcontractors to complete the building project, and the landowner is minimally involved and does not supervise the jobsite. However, there are exceptions to this general rule.

¶16        First, a landowner may be liable when it has breached its duty to turn over safe premises or has failed to warn of concealed defects. *See Ft. Lowell-NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 101 (1990); *Welker*, 1 Ariz. App. at 404-05. On summary judgment, Gonzalez presented evidence that Mr. Tucker himself created an unsafe situation by failing to properly replace and compact the soil following removal of the form boards for the foundation. According to a MAT employee, Mr. Tucker came by prior to the concrete pour, and it was his practice to "come by to make sure everything was up to par." Tucker therefore will be liable to the extent that Mr. Tucker created an unsafe soil condition and failed to warn workers.

¶17        Second, under § 414, a landowner who has hired a contractor is subject to liability for harm the contractor causes to an employee if the landowner has retained control over any part of the work. *See Lee v. City of Kingman*, 124 F. Supp. 3d 985, 989 (D. Ariz. 2015) ("With regard to Section 414, however, the [*Welker*] court held that a landowner personally owes Section 414 duties to an independent contractor's employees because '[t]he division of control, particularly in the area of safety precautions, may have some tendency to cause accidents.'" (quoting *Welker*, 1 Ariz. App. 395 at 340)). Under this rule, Tucker may be liable for the negligence of MAT to the extent that Mr. Tucker personally exercised "some control" over the manner in which MAT performed work.

¶18        Whether a defendant breached the standard of care under § 414 is a question for the jury.[3] *Lewis*, 170 Ariz. at 389. This is because,

---

[3]        Section 414 provides:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others, for whose safety the

under § 414, the question of whether a defendant has retained control is directly linked with the question of breach.

¶19         Gonzalez submitted facts sufficient to create a genuine issue of material fact about Tucker's retained control over the project. The extent to which Tucker maintained control over MAT's work must be determined by the jury, along with the question of whether Tucker breached any resulting duty. *Id.*

¶20         Tucker cites *Lee v. M. and H. Enters.*, 237 Ariz. 172 (App. 2015), in arguing he owed no "retained control" duty to Gonzalez. Unlike Mr. Tucker, however, the landowner in *Lee* did not retain control over any of the actual work performed. *Id.* at 179, ¶¶ 24-25. "To trigger liability under Restatement § 414, a landowner must have retained some measure of control not over the premises of the work site, but over the actual work performed." *Id.* at 178, ¶ 22 (citation omitted).

¶21         Here, Gonzalez submitted, and Tucker admitted, facts sufficient to demonstrate that Tucker was much more than a mere observer of the construction project. *See id.* at 178, ¶ 23 ("[A] trial court may properly grant summary judgment in favor of a landowner if no reasonable jury could conclude the landowner retained control over the work at issue.") (citations omitted). Gonzalez submitted sufficient evidence to show that, based on Mr. Tucker's participation in the actual "work" of construction, Tucker may have retained some control and therefore it is for a jury to decide the scope of the duty owed by Tucker to Gonzalez under § 414.

**CONCLUSION**

¶22         For these reasons, the superior court erred by entering summary judgment in favor of Tucker and MAT. We vacate and remand

---

employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

to the superior court for proceedings consistent with this decision. We award costs to Gonzalez upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA