NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ENTERPRISING SOLUTIONS INC, *Plaintiff/Appellant,*

*v.*

STACY ELLIS, et al., *Defendants/Appellees.*

No. 1 CA-CV 17-0282
FILED 4-10-2018

---

Appeal from the Superior Court in Maricopa County
No.  CV2013-050340
The Honorable Susan M. Brnovich, Judge

**AFFIRMED**

---

COUNSEL

Gallagher & Kennedy, PA, Phoenix
By John P. Flynn
*Counsel for Plaintiff/Appellant*

Raymond Greer & McCarthy, PC, Scottsdale
By Daniel W. McCarthy, Michael J. Raymond
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Peter B. Swann and Judge James P. Beene joined.

---

**T H O M P S O N**, Judge:

**¶1**　　　　Enterprising Solutions, Inc. (ESI) appeals the superior court's grant of summary judgment in favor of Stacy and Hal Ellis and Sunwest Insurance Ltd. (collectively, Defendants). Because ESI failed to present any evidence of damages, an essential element of its claims for negligence and negligent misrepresentation, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**　　　　ESI is a professional employer organization that provides employee-related administrative services to employers. In that role, ESI administered an employee health benefits program called Sunwest Employer Services Group Medical and Dental Plan (the Plan), which was funded by ESI's clients and their employees. During 2008 and 2009, the contribution levels that ESI established were insufficient to cover the Plan's medical claims and expenses. After receiving numerous complaints from Plan participants and providers, ESI terminated the Plan.

**¶3**　　　　ESI had purchased a Staff Services Liability Policy and a Commercial Umbrella Policy (collectively, the Policies) from National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union) through its insurance agent, Stacy Ellis, and her agency, Sunwest Insurance Ltd. Unable to pay its claims, ESI tendered them to National Union, seeking defense and indemnity under the Policies. After National Union informed ESI that provisions in the Policies precluded coverage, ESI filed a lawsuit against National Union in superior court seeking a declaratory judgment to establish coverage. National Union removed the case to federal court. The district court issued an opinion determining that the Policies did not provide coverage:

> [P]laintiff's failure to properly calculate the contributions necessary to fully fund the [Plan] was, indeed, the exercise of discretion relating to plan management and administration

and was, consequently, subject to [Employee Retirement Income Security Act] fiduciary standards. Consequently, plaintiff's conduct was excluded from coverage under the [Policies] . . . .

*Enterprising Sols., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2:10-CV-01430-PHX, 2012 WL 3962702 at *7 (D. Ariz. Sept. 11, 2012) (mem. decision) (citation omitted)**.**

**¶4**         While the federal litigation was pending, National Union paid the aggregate amount of $439,415.65 to settle claims submitted by ESI under a reservation of rights.  After the district court issued its opinion, National Union's counsel sent a letter to ESI's counsel indicating that National Union "will no longer be paying any claims . . . relating to the failure of the [Plan]."  The letter further stated that "National Union reserves the right to seek reimbursement from ESI for all sums it has paid to defend and settle the claims previously asserted against ESI and [the Plan]."  The record lacks any evidence, however, to suggest that National Union ever sought reimbursement.

**¶5**         Following the district court's ruling in favor of National Union, ESI brought this action in superior court asserting claims for negligence and negligent misrepresentation, alleging that Defendants failed to act with reasonable care in procuring the Policies and made false representations regarding coverage.  After conducting discovery, Defendants moved for summary judgment arguing that "ESI cannot meet its burden of proof because it cannot establish that Stacy Ellis failed to exercise reasonable care or that it (ESI) sustained actual damages."[1]

**¶6**         The superior court granted Defendants' motion, and ESI timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1) (2018).

---

[1] Defendants first moved for summary judgment arguing that ESI's claims were time-barred.  Although the superior court granted their motion, this court vacated the judgment concluding that "neither party has shown as a matter of law that ESI's claims are, or are not, timely."  *Enterprising Sols., Inc. v. Ellis*, 1 CA-CV 14-0355, 2015 WL 4748020 at *7, ¶ 23 (Ariz. App. Aug. 11, 2015) (mem. decision). In their second motion for summary judgment, Defendants again argued that ESI's claims were time-barred.  The superior court rejected their argument.

## DISCUSSION

¶7　　　　On appeal, ESI challenges the superior court's determination that "there was no triable issue of material fact as to whether ESI's claims for professional negligence and negligent misrepresentation resulted in identified/disclosed damages." We review de novo the court's grant of summary judgment. *See Sanders v. Alger*, 242 Ariz. 246, 248, ¶ 2 (2017). In doing so, we view the evidence in the light most favorable to ESI, the non-moving party. *See id.*

¶8　　　　Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and "explain why summary judgment should be entered in its favor." *Orme School v. Reeves*, 166 Ariz. 301, 310 (1990), as amended (Jan. 23, 2008) (citations omitted). If the moving party meets its initial burden by establishing that the non-moving party does not have enough evidence to carry its burden of proof at trial:

> [T]he burden then shifts to the non-moving party to present sufficient evidence demonstrating the existence of a genuine factual dispute as to a material fact. . . . To defeat the motion, the non-moving party must call the court's attention to evidence overlooked or ignored by the moving party or must explain why the motion should otherwise be denied.

*Id.* at 119, ¶ 26 (citations omitted). Pursuant to Arizona Rule of Civil Procedure 56(e), a party opposing a motion for summary judgment "may not rely merely on allegations or denials of its own pleading," but by affidavits or otherwise must "set forth specific facts showing a genuine issue for trial." If the opposing party does not properly respond to the motion, then summary judgment "shall be entered against that party." *Id.*

¶9　　　　Here, Defendants moved for summary judgment arguing that "ESI's failure to disclose evidence of the fact, cause, amount, and timing of its damages is fatal" to its claims for negligence and negligent misrepresentation. Specifically, Defendants argued that damages are an essential element of ESI's claims, and that "ESI has disclosed no evidence with which it can establish its damages." *See Amfac Distrib. Corp. v. Miller*, 138 Ariz. 152, 153 (1983) (holding that a cause of action for negligence requires that "actual injury or damages must be sustained"); *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 333 n.7, ¶ 30 (App.

2014) (explaining that a cause of action for negligent misrepresentation requires "resulting damage").

¶10        In opposing Defendants' motion, ESI addressed damages in one paragraph only, stating:

> ESI has disclosed sufficient information to support its damages claim. Plaintiff's Disclosure Statement, Response to Requests for Admission, Response to Separate Non-Uniform Interrogatories and Response to Request for Production of Documents fully support the claims and damages sought. Therein, Plaintiff disclosed 89 documents, while providing responses confirming a minimum of $439,000 in claims damages as National Union has retained a contractual/policy entitled to seek recovery of those funds paid out under a reservation of rights, subsequently withdrawn once [the district court] finally ruled that no coverage existed.

(Citation omitted.)   In ESI's controverting statement of facts, it stated simply: "Plaintiff's disclosure and discovery responses identify the damages."

¶11        Therefore, we turn our review to Section VII of ESI's disclosure statement, which addressed damages by stating:

> Given that this matter is in its infancy, Plaintiff has not fully calculated its damages. However, at a minimum, Plaintiff is entitled to recover its compensatory damages in excess of the minimum jurisdictional limits of this Court and according to proof. Plaintiff reserves the right to supplement this disclosure as discovery in this matter progresses.

Although the disclosure statement lists eighty-nine relevant documents, our review of the list provides no explanation of ESI's claimed damages, and the documents themselves are not a part of the record.  Moreover, in responding to Defendants' motion for summary judgment, ESI failed to (1) identify which of the documents are relevant to damages and (2) place the relevant documents into the record.

¶12        We next turn to ESI's discovery responses. Defendants served ESI with an interrogatory expressly asking: "What are your damages?"  ESI responded: "ESI incorporates Section VII of its Disclosure Statement and any supplements thereto."  On appeal, ESI again asserts that its discovery responses confirm a "minimum of $439,000 in claims damages" that

National Union "paid out under a reservation of rights." The record, however, contains nothing to reflect that National Union has sought reimbursement.[2]

¶13          This fact was confirmed at oral argument on Defendants' motion, when the superior court and ESI's counsel had the following exchange:

> THE COURT: . . . I agree with the defense that you never really responded to their claim that you haven't produced any evidence of damages.
>
> MR. FLYNN: $439,000 in documented damages with a claw back, a hang out from the insurer and the Department of Labor claim as it relates to the unpaid claims. That's been identified in the course of litigation.
>
> . . .
>
> If there's some additional supplementation that counsel believes we need to provide, we certainly would be glad to. But there's documentation evidencing the damages that were inflicted.
>
> THE COURT: What is it? I still don't understand. . . . I looked at your statement of facts and I didn't see anything. So are you saying that National Union has come after your client for that $439,000?
>
> MR. FLYNN: They have not yet. The Department of Labor is continuing to push and process. National Union has not filed any action. They have indicated that they are reserving their rights to do so. But they have not taken any action. There's been no lawsuit filed.

---

[2] On appeal, ESI also argues that the "Department of Labor continues to knock on ESI's door," but does not provide any citation to evidence in support of its argument. *See* ARCAP 13(a)(7)(A) (explaining that a brief must set forth arguments with "appropriate references to the portions of the record on which the appellant relies").

**¶14** In order to defeat Defendants' motion for summary judgment, ESI had to call the superior court's attention to "evidence overlooked or ignored" by Defendants regarding damages, which was an essential element of their claims. *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 33 (1998). ESI could not "rely merely on allegations or denials of its own pleading," but had to "set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e). "The opposing party must show that evidence is available which justifies going to trial." *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981).

**¶15** In opposing Defendants' motion, ESI failed to present any evidence demonstrating damages. Accordingly, the court properly granted summary judgment in favor of Defendants under Rule 56(e). *See* id.

## CONCLUSION

**¶16** For the foregoing reasons, we affirm the entry of summary judgment. We award costs to Defendants upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA