NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

THE ISLANDS COMMUNITY ASSOCIATION,
*Plaintiff/Appellee*,

v.

TIMOTHY DANIELS, *Defendant/Appellant*.

No. 1 CA-CV 18-0618
FILED 9-26-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2017-093032
The Honorable David J. Palmer, Judge

**AFFIRMED**

---

COUNSEL

Timothy Daniels, Mesa
*Defendant/Appellant*

Maxwell & Morgan P.C., Mesa
By Chad M. Gallacher
*Counsel for Plaintiff/Appellee*

<hr>

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

<hr>

**T H U M M A**, Judge:

¶1 Plaintiff The Islands Community Association, a homeowners' association, brought this action against defendant Timothy Daniels to foreclose on his housing unit based on a failure to pay assessments. Daniels appeals from an order denying his motion for new trial and from the final judgment entered against him following the grant of summary judgment in favor of The Islands. Because Daniels has shown no reversible error, the order and final judgment are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 In 1994, Daniels purchased a unit in The Islands. The unit is governed by Covenants, Conditions, Restrictions & Easements (CC&Rs), which bind unit owners like Daniels. The CC&Rs required Daniels to pay certain assessments, and he did so for many years. In 2012, however, Daniels stopped paying assessments. In 2014, The Islands sued Daniels to recover the delinquent assessments, and in 2015, The Islands obtained a $5,978.30 judgment against Daniels.

¶3 Daniels failed to satisfy the 2015 judgment or pay additional assessments as they came due. Given Daniels failure to make these payments, in May 2017, The Islands filed this lien foreclosure action. Following discovery, the court granted The Islands' motion for summary judgment and, in May 2018, entered a final judgment on foreclosure.

¶4 Daniels unsuccessfully moved for a new trial. He timely appealed from the denial of that motion and the final judgment. This court has jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and § 12-2101(A)(5)(a) (2019).[1]

<hr>

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶5 The denial of a motion for new trial is reviewed for an abuse of discretion. *Matos v. City of Phoenix*, 176 Ariz. 125, 130 (App. 1993); *State v. Spears*, 184 Ariz. 277, 287 (1996). The entry of summary judgment is reviewed de novo, "viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion," *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003), to determine "whether any genuine issues of material fact exist and whether the [superior] court properly applied the law," *Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 55 ¶ 8 (App. 2007). This court will affirm the grant of summary judgment if it is correct for any reason, *Hawkins v. State*, 183 Ariz. 100, 103 (App. 1995).

¶6 Daniels argues the superior court erred in: (1) denying his motion for new trial because the minute entry and the final judgment did not grant the same relief; (2) granting The Islands' motion for summary judgment because factual issues were present regarding the amount owed and applying A.R.S. § 33-1807 (the lien statute) to the facts of this case; and (3) awarding The Islands attorneys' fees. This court addresses his arguments in turn.

I. **The Final Judgment Properly Reflects The Relief Granted.**

¶7 Daniels argues the final judgment "does not come close to what relief the court granted in its minute entry. Indeed, it purposely misstates the minute entry. . . . The May 29 formal judgment includes the relief of foreclosure. That is nowhere in the May 7 order." The final judgment does include relief not reflected in the minute entry granting summary judgment. That minute entry, however, contemplated additional matters to be resolved before a final judgment would be entered, including attorneys' fees, which were then awarded in the final judgment without timely objection by Daniels. *See* Ariz. R. Civ. P. 58(a)(2). All claims and issues must be resolved before a final judgment may issue. *See* Ariz. R. Civ. P. 54(c). Daniels thus has shown no error based on the additional relief granted in the final judgment.

## II. The Court Properly Granted Summary Judgment To The Islands.

¶8 Daniels argues the court erred in granting the motion for summary judgment because there was a genuine issue of material fact as to the amount due. "When a summary judgment motion is made and supported . . . , an opposing party may not rely merely on allegations or denials of its own pleading." Ariz. R. Civ. P. 56(e). Instead, the opposing party must, through admissible evidence, "set forth specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment, if appropriate, shall be granted against that party." *Id.* When uncontroverted, "facts alleged by affidavits attached to a motion for summary judgment may be considered true." *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981).

¶9 The Islands supported its motion for summary judgment with certified business ledgers validating its accounting of the assessment charges, fees and costs due. Daniels' response stated that the balance was "arbitrary" and the ledgers were "hodge podge bookkeeping," but Daniels did not provide controverting evidence or genuinely dispute The Islands' factual showing. Daniels did provide copies of checks he sent to The Islands, but those checks either were from before entry of the 2015 judgment (which the ledgers show were properly applied) or after this litigation was filed (a time period not relevant to the allegations in the complaint). As a result, in opposing the motion for summary judgment, Daniels failed to rebut The Islands' evidentiary showing. Accordingly, Daniels has not shown a genuine issue of material fact preventing entry of summary judgment against him.

¶10 The minute entry granting summary judgment did so "concerning unpaid assessments, late fees and collection costs owed in the amount of $1,242.75." Daniels then paid $1,242.75 and argues foreclosure is therefore not appropriate. In the final judgment, the court granted foreclosure and awarded The Islands the principal amount of $4,017.34 ($1,242.75 plus additional amounts that had accrued, attorneys' fees and late charges); $1,089.36 in costs; additional attorneys' fees of $5,000; and interest. Accordingly, Daniels' payment of $1,242.75 to satisfy a portion of these obligations did not satisfy the final judgment in its entirety or obviate entry of the final judgment. Thus, Daniels' payment of the amount listed in the minute entry did not bar The Islands' foreclosure rights.

## III.    The Superior Court Properly Applied A.R.S. § 33-1807.

**¶11**        Section 33-1807(A) addresses enforcing a lien for unpaid assessments. For the statute to apply, an owner must be delinquent in paying assessment fees "for a period of one year or in the amount of $1,200, or more, whichever occurs first." A.R.S. § 33-1807(A). "A lien for unpaid assessment is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessment comes due." A.R.S. § 33-1807(F).[2]

**¶12**        Daniels argues the court failed to properly apply the statute in three ways. First, he contends the court improperly considered the aggregate amount he owed rather than just the assessments. Second, he argues there was no finding that he was delinquent for more than one year. Third, he claims the limitations period in subsection F means The Islands can only seek foreclosure based on three years' worth of quarterly assessments, "or the total sum of $660."

**¶13**        The limitation Daniels identifies in subsection A is phrased in the disjunctive, meaning foreclosure is available for *either* more than $1200 delinquent *or* more than a year of delinquency. Daniels stopped paying assessments in 2012. He does not dispute that he stopped making those payments and does not offer any evidence to show that he was current in paying his assessments when The Islands first sued Daniels in 2014 in the action leading to the 2015 judgment. Accordingly, his first argument regarding application of the statute fails.

**¶14**        Next, Daniels argues the three-year limitations period in subsection F had expired on The Islands' claim. The lien on Daniels' unit arose when he first stopped paying assessments in 2012. The Islands first sought to enforce the lien in the 2014 action, which resulted in the 2015 judgment. The Islands filed this action in 2017, alleging Daniels' failure to satisfy the 2015 judgment and continued failure to pay assessments since that time. At no point following Daniels' 2012 initial breach was there a lapse of three years during which proceedings to enforce the lien were not ongoing. Accordingly, even if the three-year limitation period applies (as opposed to the six-year limitation period applicable to the CC&Rs contained in A.R.S. § 12-548), Daniels has not shown The Islands' claim is time-barred.

---

[2] Effective after the facts at issue here, the limitations period was extended to six years. 2019 Ariz. Leg. Serv. Ch. 200 (S.B. 1531) § 2 (May 8, 2019).

¶15 Finally, Daniels argues The Islands is attempting to apply A.R.S. § 33-1807 retroactively because he purchased his unit in 1994 while the statute was enacted in 1996. The CC&Rs, which Daniels concedes are binding, state that The Islands may either "[b]ring an action at law and recover judgment against the Member" for nonpayment or "[f]oreclose the Assessment Lien . . . in accordance with then prevailing Arizona law." This language allows The Islands to apply the law in place at the time of non-payment and foreclosure, not the law at the time the property was purchased as Daniels argues. Because A.R.S. § 33-1807 was in place at the time Daniels stopped paying in 2012, The Islands is not seeking to apply the statute retroactively.[3]

## IV. The Superior Court Did Not Abuse Its Discretion In Awarding Attorneys' Fees.

¶16 The minute entry granting summary judgment declined to award attorneys' fees but allowed The Islands to submit an application for fees. Daniels argues the court erred in later granting The Islands $2,500 in pre-litigation attorneys' fees and $5,000 in attorneys' fees related to this action. Daniels does not provide any evidence or statements about what the appropriate fees should be; he only states that "the fee requests submitted by plaintiff are simply outrageous." Daniels also argues that because the minute entry declined to award fees, the subsequent fee application requesting a larger amount in fees is "the ultimate in bad faith."

¶17 An award of attorneys' fees is reviewed for an abuse of discretion. *Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562 ¶ 39 (App. 2014). The Islands provided a procedurally proper, factually supported application for attorneys' fees. Section 7.8 of the CC&Rs states that the "Member shall be liable for all costs, including attorneys' fees, which may be incurred by the Association" in collecting costs and interest on delinquent assessments. The court did not err by awarding fees according to the contractual agreement.

---

[3] Nor has Daniels shown how cases describing foreclosure proceedings as equitable meant the superior court erred in granting summary judgment against him for failing to pay amounts owed to The Islands, including amounts reflected in the 2015 judgment.

**CONCLUSION**

**¶18** The final judgment and denial of Daniels' motion for new trial are affirmed. The Islands is awarded taxable costs incurred on appeal, and reasonable attorneys' fees incurred on appeal pursuant to Section 7.8 of the CC&Rs, contingent upon its compliance with Arizona Rules of Civil Appeals Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA