NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RICHARD DELEON, *Plaintiff/Appellant*,

*v.*

MCCAULAY NWOJO, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0238
FILED 2-13-2024

Appeal from the Superior Court in Maricopa County
No. CV2018-093889
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Law Office of Robert M. Gregory P.C., Gilbert
By Robert M. Gregory
*Counsel for Plaintiff/Appellant*

Sanders & Parks P.C., Phoenix
By Robin E. Burgess
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**K I L E Y**, Presiding Judge:

¶1　　　　After undergoing spinal surgery with an unsatisfactory outcome, Robert DeLeon sued Macaulay Nwojo, M.D., for medical malpractice. Because DeLeon failed to present admissible evidence that Nwojo breached the applicable standard of care, the superior court granted summary judgment for Nwojo. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　DeLeon underwent surgery for multilevel degenerative disc disease in July 2016. Udaya Kakarla, M.D., performed the surgery, and Nwojo, then a fourth-year neurosurgery resident, assisted. Nwojo positioned and prepared DeLeon and made the surgical incision. Kakarla performed all critical aspects of the procedure itself, including performing a C2-T1 fusion and placing pedicle screws at the fusion site.

¶3　　　　X-rays taken at a follow-up visit showed that the T1 pedicle screws were loose. Kakarla recommended revisional surgery to replace the screws and extend the fusion to T3. DeLeon underwent corrective surgery in August 2018. Nwojo did not participate in the second procedure.

¶4　　　　DeLeon sued Nwojo, Kakarla, and Neurological Associates, Ltd. d/b/a Barrow Brain and Spine for medical negligence.[1]

¶5　　　　DeLeon's standard of care expert, Matthew Moore, M.D., opined at his deposition that, "the resident," *i.e.*, Nwojo, fell below the standard of care by "incorrect[ly] plac[ing] . . . the T1 pedicle screw." Moore's understanding that Nwojo placed the pedicle screws was based on information provided by DeLeon's counsel. The following exchange then occurred:

---

[1] To bind the surgeons' marital communities, DeLeon also named their spouses as defendants. *See* A.R.S. § 25-215(D).

> Counsel: [I]s your only criticism relating to Dr. Nwojo himself applicable only if Dr. Nwojo actually placed the screw or screws?
>
> Moore: Correct.

¶6 A month and a half after his deposition, DeLeon served an unverified supplemental disclosure statement stating in part that, after reviewing additional evidence, Moore formed supplemental opinions that Nwojo breached the standard of care in various other ways, including inadequately documenting the procedure and failing to communicate "important details" to Kakarla "so that he could more readily respond to [DeLeon's] intraoperative and post-operative condition."

¶7 Nwojo moved for summary judgment, arguing in part that DeLeon failed to present evidence that Nwojo was negligent. Nwojo asserted that DeLeon's standard of care expert had identified the improper placement of "pedicle screws at the T1 level during the spine surgery" as the "single" act of negligence attributable to Nwojo, and because the uncontroverted evidence established that "Dr. Kakarla, and not Dr. Nwojo, placed these screws," DeLeon's claim against Nwojo failed for lack of evidentiary support.

¶8 In response, DeLeon argued that his supplemental disclosure statement set forth Moore's "rebuttal opinions" that establish "with great specificity . . . how Dr. Nwojo's actions breached the standard of care." Although DeLeon attached his supplemental disclosure statement to his response, he did not submit an affidavit from Moore.

¶9 The superior court granted Nwojo's motion for summary judgment, determining that DeLeon had presented no admissible evidence of any act or omission by Nwojo that fell below the standard of care. Noting that, "[a]s a general rule, an unsworn and unproven assertion is not a fact that a trial court can consider in ruling on a motion for summary judgment," the court held that, in the absence of a supporting affidavit, the rebuttal expert opinions set forth in DeLeon's supplemental disclosure statement were not the kind of "admissible facts" required to withstand summary judgment. The court added that "any other alleged breaches of standard of care by Dr. Nwojo lack any causal connection to claimed injuries alleged by [DeLeon]."

¶10 DeLeon timely appealed after the court entered a final judgment for Nwojo under Arizona Rule of Civil Procedure ("Rule") 54(b). We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶11** DeLeon asserts that the superior court "erred in holding that there were no genuine issues of material fact concerning whether Dr. Nwojo was medically negligent." He does not dispute that Nwojo's motion and accompanying evidence made a *prima facie* showing of Nwojo's entitlement to summary judgment but insists that "Dr. Moore's amended standard of care opinions disclosed in" DeLeon's supplemental disclosure statement "should have been given full weight by the [c]ourt" in determining the existence of factual disputes precluding summary judgment.

**¶12** To prevail on a medical negligence claim, a plaintiff must establish, *inter alia*, that the defendant physician "breached the applicable standard of care." *St. George v. Plimpton*, 241 Ariz. 163, 165-66, ¶ 12 (App. 2016). "Unless [medical] malpractice is grossly apparent, the standard of care" in a medical negligence case "must be established by expert medical testimony." *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 163, ¶ 12 (2017).

**¶13** Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review a grant of summary judgment *de novo* and view the evidence and reasonable inferences in the light most favorable to DeLeon as the non-moving party. *See Zambrano v. M & RC II LLC*, 254 Ariz. 53, 58, ¶ 9 (2022).

**¶14** If the moving party makes a *prima facie* showing of its entitlement to summary judgment, "the burden shifts to the opposing party to produce sufficient competent evidence" to establish a factual dispute precluding summary judgment. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990). Evidence offered to controvert a motion for summary judgment must be admissible at trial. Ariz. R. Civ. P. 56(e) ("When a summary judgment motion is made and [properly] supported[,] . . . [t]he opposing party must, by affidavits or [other materials that would be admissible in evidence] set forth specific facts showing a genuine issue for trial."). "Generally, the 'facts' which the trial court will consider as 'admissible in evidence' in ruling on a motion for summary judgment are those which are set forth in an affidavit or a deposition; an unsworn and unproven assertion in a memorandum is not such a fact." *Prairie State Bank v. I.R.S.*, 155 Ariz. 219, 221, n.1A (App. 1987) (citation omitted).

**¶15** DeLeon contends that, in granting summary judgment, the court unfairly faulted him for not disclosing his supplemental expert

opinions in affidavit form. According to DeLeon, "[t]here is no requirement in Rule 26.1 or elsewhere in the Arizona Rules of Civil Procedure that amended expert opinions disclosed in supplemental disclosure statements be in the form of an affidavit," nor does A.R.S. § 12-2603 require that supplemental expert opinions be disclosed in an affidavit. His negligence claim against Nwojo was "not decided on the merits," he complains, because of the court's own view "of the manner in which expert disclosures should be made."

¶16        But the court did not, as DeLeon claims, grant summary judgment because it disapproved of the manner in which DeLeon disclosed his expert's rebuttal opinions. Instead, the court granted summary judgment because DeLeon failed to controvert Nwojo's motion with admissible evidence that Nwojo fell below the applicable standard of care. The court correctly held that DeLeon's unverified supplemental disclosure statement, unaccompanied by an expert's affidavit, was insufficient to controvert Nwojo's motion. *See Miller v. Hehlen*, 209 Ariz. 462, 473, ¶ 38 (App. 2005) (affirming summary judgment where non-moving party submitted only her own disclosure statement to controvert motion, reasoning that "descriptions of witness testimony in a Rule 26.1 disclosure statement" are not "sufficient" to "defeat a motion for summary judgment accompanied by the sworn affidavit of the movant").

¶17        DeLeon argues that summary judgment was improperly granted because he was not afforded an opportunity to cure any deficiency in his supplemental expert disclosures. In support of his position, he relies on Rule 26.1(d)(2), which, he contends, establishes the "mechanism for disputing the form of expert disclosures."

¶18        Rule 26.1(d)(2) provides in part that "[d]isputes over the form or sufficiency of expert disclosures must be presented" at a scheduling conference or under the expedited procedure for resolving disclosure disputes set forth in Rule 26(d). Summary judgment proceedings, however, are governed by Rule 56, not Rule 26.1. Nothing in Rule 26.1 supersedes or negates Rule 56's requirement that the non-moving party present affidavits or "materials that would be admissible in evidence" to controvert a properly-supported motion for summary judgment. *See* Ariz. R. Civ. P. 56(c)(5)-(6); *see also Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981) ("The opposing party must show that evidence is available which justifies going to trial, and that evidence . . . must be admissible at trial.") (cleaned up). Because DeLeon presented no admissible evidence to show that Nwojo breached the applicable standard of care, the court properly granted

summary judgment on his medical negligence claim. *See Rudy v. Meshorer*, 146 Ariz. 467, 471 (App. 1985).

¶19 In granting summary judgment, the superior court noted that DeLeon served his supplemental disclosure statement after the September 1, 2022 deadline for disclosure of rebuttal opinions set forth in the scheduling order. Pointing to this portion of the court's ruling, DeLeon argues the court erred by "ignoring" his expert's rebuttal opinions "on the grounds that they had not been timely disclosed." The parties agreed to extend the disclosure deadline until November, he contends, so the court erred by treating "September 1, 2022 as the rebuttal expert deadline."

¶20 But again, the court did not grant summary judgment on the ground that DeLeon's rebuttal expert disclosures were untimely but because he presented no admissible evidence of his expert's opinions in opposition to Nwojo's motion. DeLeon's argument thus fails.

¶21 The court concluded its grant of summary judgment with the statement that "any other alleged breaches of standard of care by Dr. Nwojo lack any causal connection to claimed injuries alleged by [DeLeon]." DeLeon argues the court erred in finding evidence of causation lacking because Nwojo did not raise any "causation" argument in his motion for summary judgment. Accordingly, he contends, "it was error for the [c]ourt to conclude *sua sponte* that there was no causal connection between Dr. Nwojo's care and [the] injuries sustained by [DeLeon]." Because summary judgment was warranted given DeLeon's failure to present admissible evidence establishing Nwojo's breach of the applicable standard of care, we need not address DeLeon's challenge to the court's holding that DeLeon also failed to establish causation.

## CONCLUSION

¶22 We affirm. Nwojo may recover taxable costs incurred in this appeal upon compliance with ARCAP 21.

